**IN THE UNITED STATES DISTRICT COURT**
**FOR NORTHERN ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JOSE VARGAS,** | ) | |
| **JOEL MIRELES, and** | ) | |
| **JUAN LICEA,** | ) | **CASE: 18cv1598** |
| **PLAINTIFFS,** | ) | |
| **v.** | ) | |
| **COOK COUNTY SHERIFF'S MERIT** | ) | |
| **BOARD, THOMAS DART (Off & Ind. Cap),** | ) | |
| **TONI PRECKWINKLE (Off. & Ind. Cap),** | ) | |
| **COOK COUNTY, ILLINOIS,** | ) | |
| **DEFENDANTS.** | | |

**VERIFIED CLASS ACTION COMPLAINT FOR DECLARATORY RELIEF, MANDAMUS RELIEF, AND MONETARY RELIEF**

NOW COME Plaintiffs **JOSE VARGAS, JOEL MIRELES, AND JUAN LICEA**, by counsel, Christopher Cooper, Cass Casper, and Art Gold. Plaintiffs complain of 42 U.S.C. 1983 due process violations coupled with a request for declaratory relief pursuant to 28 U.S.C. § 2201. Plaintiffs also seek a writ of mandamus directed to Thomas Dart and Toni Preckwinkle in their official capacities.

**JURISDICTION & VENUE**

(1) Jurisdiction of this court arises under 28 U.S.C. §§ 1331, 1337; 42 U.S.C. § 1983, and for fees available by way of 42 U.S.C. § 1988. Pendent state claims for Negligence and Fraud are hereby brought, and this Court has jurisdiction over such claims by way of 28 U.S.C. § 1367. Additionally, jurisdiction is predicated on Illinois case law, namely *Siddens v. Indust Comm'n*, 711 N.E.2d 18, 22 (1999) and its progeny, to include *Daniels v. Indus. Comm*, 711 N.E.2d 936, 940 (2002) and, *Taylor v. Dart*, 64 N.E.3d 123, 126-27 (2016), each holding: **"[w]here an administrative body acts outside of its specific statutory**

**authority, it acts without jurisdiction, and its actions are void and a nullity from their inception."** (*Daniels* at 940); and, **"[w]here an agency's action is void, it may be attacked at any time, in any court, either directly or collaterally."** (*Id.* at 940).

(2) Venue is had through 28 U.S.C. § 1391, the events or omissions giving rise to the claims having occurred in this district.

**PARTIES**

(3) Plaintiff JOSE VARGAS is a natural person, a legal adult, and a resident of Cook County, Illinois. He is employed by Defendant Cook County as a Cook County Sheriff's Deputy\Officer. Plaintiff was harmed by Defendants in Cook County, Illinois.

(4) Plaintiff JOEL MIRELES is a natural person, a legal adult, and a resident of Cook County, Illinois. He is employed by Defendant as a Cook County Sheriff's Deputy\Officer. Plaintiff was harmed by Defendants in Cook County, Illinois.

(5) Plaintiff JUAN LICEA is a natural person, a legal adult, and a resident of Cook County, Illinois. He is employed by Defendant as a Cook County Sheriff's Deputy\Officer. Plaintiff was harmed by Defendants in Cook County, Illinois.

(6) Defendant Sheriff THOMAS DART (DART), is sued in his **individual capacity (but not as the 1983 count)** as Mr. Dart is the elected Cook County, Illinois Sheriff. He is believed to have an address of 50 W. Washington Street, Chicago, Illinois 60602.

(7)     Defendant THOMAS DART (DART), is sued in his **individual capacity** as Mr. Dart is a state actor accused of having engaged in unlawful conduct under color of law. His home address is unknown. He is believed to have a business address of 50 W. Washington Street, Chicago, Illinois 60602.

(8)     Defendant COOK COUNTY is a County in the State of Illinois with a principal place of business of 118 North Clark Street, Chicago, Illinois 60602. Defendant harmed (and continues to harm) Plaintiffs in Cook County, Illinois during all relevant times of this action. The County is a unit of local government and is a joint employer of the Plaintiffs with Defendant Sheriff.  The County has indemnification obligations for wrongful acts committed by its officials or employees, such as the Sheriff.  *See* 745 ILCS §§ 10/1-202 and 9-102.  The County is named in its capacities as joint employer and as indemnor.

(9)     Defendant COOK COUNTY SHERIFF'S MERIT BOARD is a body created pursuant to 55 ILCS 5/3-7002.  It has an address of 69 West Washington Street, Chicago, Illinois 60602. The Board harmed (and continues to harm) Plaintiffs in Cook County, Illinois during all relevant times of this action.

(10)    Defendant President TONI PRECKWINKLE (PRECKWINKLE), is sued in her **official capacity (but NOT as to the 1983 count).**  Ms. Preckwinkle is the elected Cook County Board "President."  She is believed to have a business address of 50 West Washington Street, Chicago, Illinois 60602.

(11)    Defendant PRECKWINKLE, is sued in her **individual capacity.**  Ms. Preckwinkle is a state actor accused of engaging in unlawful conduct under

color of law. Her home address is unknown. It is believed that she is domiciled in Cook County. She is believed to have a business address of 118 N Clark Street, # 537, Chicago, IL 60602.

**FACTS COMMON TO CLASS CLAIMS AS WELL AS TO NON-CLASS CLAIMS**

## I. GENERAL BACKGROUND

1. The Plaintiffs and those similarly situated to them are either past or present employees of Cook County and they either were or are County Sheriff's Department Deputy Sheriffs\Officers.

2. Plaintiff Vargas is a past employee.

3. Plaintiff Mireles is a present employee.

4. Plaintiff Licea is a present employee.

5. The Plaintiffs and those similarly situated have completed a employment probationary period.

6. Thomas Dart, as the Cook County Sheriff, is the highest-level Sheriff's Department supervisor of Plaintiffs and similarly-situated officers.

7. Plaintiffs and similarly-situated officers were internally charged with and for violating policies and rules of the Cook County Sheriff's Department\Office, by way Complaints, respectively, signed by Defendant Dart or his designee.

8. By way of each of complaints served on each of the Plaintiffs (and other complaints served on those similarly situated to them), Sheriff Dart sought to terminate and/or suspend the employment of the Plaintiffs for alleged

violations of various Sheriff's Orders, General Orders and Rules of the Sheriff's Department\Office.

9. Boding with the charges against Plaintiffs and the sought terminations/suspensions, the Sheriff and the Board stripped Plaintiffs Vargas and Mireles and similarly-situated officers of their law enforcement powers, suspended them, and removed them from the payroll. All such actions represent a material adverse employment action.

10. Plaintiffs and similarly-situated officers were tried before the Board.

11. The Sheriff sought to suspend Plaintiff Licea for 120 days. The Board suspended him for 90 days and that such suspension included that Licea was stripped of law enforcement powers for the duration of the suspension.

12. Plaintiffs Vargas and Mireles were terminated by the Board. The termination order for Vargas was signed on October 26, 2016. The termination order for Mireles was signed on July 29, 2016. The suspension order of Licea was signed on October 12, 2016.

13. Similarly-situated officers were either terminated or suspended in excess of 30 days.

**II. The Illegal Sheriff's Merit Board**

14. Defendant Board is an administrative agency established under the Cook County Sheriff's Merit Board Act, 55 Ill. Comp. Stat. 5/37001, *et seq.*

15. The Board, by statute (55 ILCS 5/3-7001-2), presides over disciplinary processes\proceedings in which Cook County Sheriff's officers are charged with violating Cook County Sheriff's Department regulations, policies

and general orders.

16. Pursuant to 55 ILCS 5/3-7002, the Sheriff of Cook County appoints people to sit as members to the Board. (Cf. 5/3 7001).

17. Germane to the instant matter, Sheriff Dart did appoint people to the Board in violation of 55 ILCS 5/3-7002.

18. Such illegally-appointed people are overseeing disciplinary processes for the Plaintiffs and similarly situated Board members.

19. The purported Board members had not been legally appointed to the Board.

20. The Board was illegal because of Board members appointed for less than the six years required by 55 ILCS 5/3-7002, as well, by a lack of staggered terms of members.[1]

21. The Plaintiffs were subjected to a sham Board. Sham because there was a knowing, intentional, willful, and a wanton act of deception by the Board, its members, and Sheriff Dart. Defendants (including Preckwinkle, Dart, the Board and its members) falsely represented to Plaintiffs and similarly-situated officers that the Board members were legally appointed and that the Board had jurisdiction of the Plaintiff's purported Board cases. The former and latter claims are now known to have been categorically false.

[1] Additionally, the Taylor Court held interim appointments are not permitted (Taylor 1 at 130; and, Taylor 2 which has a citation of *Taylor v. Dart*, 2017 IL App (1st) 143684-B. See ¶¶ 16 and 56, Cf. ¶¶ 18-36. An interim appointment would be an appointment of less than six years. (Id.)).

22. Worse, to the Plaintiff's detriment, having relied on the falsehoods, Plaintiffs and similarly-situated officers have participated in a protracted and stressful disciplinary process with all of the trappings of a criminal case. Their respective counsel drawn into the hoax. Time, energy, resources, and money spent by Plaintiffs and similarly-situated officers, joined by their respective counsel showing for status hearings, participating in motion practice, discovery, and for some, ultimately a trial, all of which they would discover, was nothing more than theater.

23. Every action by the Board as to Plaintiffs and similarly-situated officers, is and was illegal from inception, since the Board was at no time legal. (See *Siddens* at 21-22; *Taylor I* at 126-27; and, *Daniels* at 940). **There has never been a Board to take jurisdiction of the respective Complaints.**

24. The United States District Court for the Northern District of Illinois, may act *sua sponte* because of what *Daniels* pronounces as the Court's duty (see Daniels at 940 of Siddens at 21-22]) to order Defendant Dart to return Plaintiffs and similarly-situated officers to status quo. Status quo is firstly when Plaintiffs and similarly-situated officers were on the payroll (and receiving the employment benefits that come with receiving salary).

25. Secondly, status quo is the period preceding the Board having knowingly and deliberately misrepresented that it had jurisdiction when it did not. It is necessary to emphasize that *Taylor* along with *Daniels*, hold:

> "Where an administrative agency acts outside its specific statutory authority… it acts without jurisdiction. **Its actions are void, a**

**nullity from their inception**." See *Taylor I* at 126-127 citing to *Daniels at* 165. Also see *Siddens* at 21-22 (1999).

26. **Clearly, by operation of law, Plaintiffs and those similarly-situated be deemed as--here and now—never having been suspended or stripped, but gainfully employed Cook County Sheriff's deputies (correctional, police, or court officers).**

27. During the entire time-period covered by this Complaint and pertaining to all similarly-situated officers' cases, the Board has been illegal, unlawfully, and improperly constituted.

28. An actual controversy exists between the parties concerning the interests of each side, which the declarations from this Court sought herein will resolve.

29. All Plaintiffs have a clear right to the relief requested, have a tangible legal interest in the subject matter of this Complaint, and otherwise lack an adequate remedy at law, especially since the Sheriff has stated the Board cannot decide these issues.

30. Plaintiffs bring this action on behalf of themselves and a class of similarly-situated officers injured by illegal constitution of the Board, the illegal disciplinary process thereunder and the misrepresentation and fraud by the Defendants which made for and enabled an illegal Board. The result of which was a deprivation the Plaintiffs' and similarly-situated officers' due process entitlements. The class is defined as follows:

**"All current and former Cook County Sherriff's Department officers (and any others) suspended, terminated or otherwise recipients of an adverse employment action by an illegally constituted Board.**

31. The Class members are so numerous that joinder of all members is impracticable.

32. While at this time the Plaintiffs do not know the exact number of Class members, Plaintiffs reasonably believe that there are hundreds.

33. The number of persons who have been impacted can be ascertained through appropriate discovery.

34. There are common and overriding questions of law and fact which are common to each and every member of the class, *to wit*, (1) was the Board that oversaw and administered the disciplinary proceedings illegally constituted; (2) are the proceedings void; (3) entitlement to back pay; (4) entitlement to reinstatement; and, (5) entitlement to other relief, including other make-whole relief.

35. Those questions of law and fact which are common to all the members of the class predominate over any and all other questions of law or fact that may affect individual members of the class.

36. Plaintiffs and similarly-situated officers were all subjected to unlawful disciplinary proceedings by the Board and will fairly and adequately represent and protect the interest of the Class.

37. A class-action is an appropriate method for the fair and efficient adjudication of this dispute.

**COUNT I: 42 U.S.C. 1983**
**DEPRIVATION OF 14th AMENDMENT DUE PROCESS ENTITLEMENTS**
**Applies to Defendants Dart and Preckwinkle in their Ind. Cap.**

38. Plaintiffs repeat, re-allege and incorporate by reference, the allegations in all preceding paragraphs of this Complaint, especially the section entitled “FACTS,” with the same force and effect as if herein set forth.

39. Plaintiffs and similarly-situated officers possess a14th Amendment protected property interest in their employment as Cook County Sheriff’s officers.

40. Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of such interests when they (Defendants) deprived the officers of salary and benefits without due process of law.

41. Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they subjected the officers to a phony and sham Board process.

42. Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they subjected the officers to an illegal Board.

43. Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they subjected the officers to ACTIONS of an illegal Board.

44. Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they denied officers a right an opportunity to defend themselves before a legal Board.

45. Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they denied officers a legal board before which to present motions and to participate in Discovery.

46. Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they (Defendants) denied the officers a meaningful opportunity to be heard, because the board the Defendants represented as legal board, was in fact illegal.

47. Under Color of Law, Defendants Preckwinkle and Dart deprived Plaintiffs of their property interest when they knowingly, willfully, wantonly, and intentionally made and caused illegal appointments to the Merit Board.

48. Such conduct included Defendant Dart nominating a person for a period of less than six years, by example, and thereafter Defendant Preckwinkle calling for a vote on nominees she knew would, if accepted, would be appointed in violation of 55 ILCS 5/3-7002.

49. Defendants Dart and Preckwinkle did interfere with Plaintiffs' enjoyment of employment benefits and their employment and employment contracts.

**WHEREFORE**, and that there is sought, judgment against Defendants, for back-pay. Additionally, a distinct and separate demand for actual, general, special, compensatory damages in the amount of at least $100,000.00, for each of named Plaintiffs; and, unnamed sum of at least such amount for each the prospective class members. Plaintiffs further demand judgment against Defendants for punitive damages plus the costs of this

action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT II:  REQUEST FOR DECLARATORY RELIEF

### Plaintiffs and Similarly-Situated Officers Are Entitled to Declarations That the Board Was Unlawfully Constituted and They Are Entitled to Return to Full Duty, Back Pay, And All Other Make Whole Relief

50.    Plaintiffs repeat, re-allege and incorporate, by the allegations in the above paragraphs, to all paragraphs which follow.

51.    The Board never had jurisdiction of the Plaintiffs' cases or those of similarly-situated officers.

52.    When the Board notified each Plaintiff (and similarly situated officer) that it had jurisdiction of their respective case, the Board did not have jurisdiction.  The representation was false.

53.    Throughout the pendency of Plaintiffs' and similarly-situated officers' cases, the Board has not had jurisdiction because the Board has been illegal; but that the Defendants have falsely represented to the Plaintiffs that the Board had been legal and had jurisdiction.

54.    The Plaintiffs relied to their detriment on the false representation of the Defendants that the Board had jurisdiction and had been legal.

55.    Defendants proximately caused Plaintiffs' and prospective class members' harm. The Plaintiffs have been harmed to include stigma plus damage; having experienced garden variety stress; and that Plaintiffs and similarly situated officers have expended time and significant amounts of money on legal fees, among other expressions of reliance on Mr. Dart's, et al. false

representations. Likewise, the attorneys for the Plaintiffs have been subjected to the fraud and, therefore, have expended time, effort and resources.

**WHEREFORE**, Plaintiffs and similarly-situated officers pray that the Court:

    a. finds and declares that Plaintiffs' and similarly-situated officers' 14th Amendment Due process rights and entitlements were infringed upon;

    b. finds and declares that Plaintiffs' and similarly-situated officers' disciplinary proceedings are void from inception;

    c. finds and declares that where the Board "removed" the cases of Plaintiffs and similarly situated officers from the Board docket, that by such action (removal), the cases of the Plaintiffs and similarly situated officers were dismissed with prejudice;

    d. finds and declares that the Board was improperly constituted at the time of Plaintiffs' and similarly-situated officers' cases, including from receipt of the Sheriff's initial complaint;

    e. finds and declares that the Board was improperly constituted at the time of Plaintiffs' and similarly-situated officers' cases, including from receipt of the Sheriff's **amended** complaint;

    f. finds and declares that Plaintiffs and similarly-situated officers are entitled to back pay, to reinstatement to full duty, and to all other full make whole relief with pre- and post-judgment interest;

g. finds and declares that Plaintiffs and similarly-situated officers are entitled to the Board's void proceedings being expunged and purged;

h. find and declares that the Defendants are barred from litigating or relitigating the same charges before the Board; and,

i. enters and orders such other relief as the Court deems just and proper.

Additionally, there is sought, judgment against Defendants, for back-pay. Then a separate and distinct award of actual, general, special, compensatory damages in the amount of at least $100,000.00, for each of named Plaintiffs; and, unnamed sum of at least such amount for each of the prospective class members. Plaintiffs further demands judgment against Defendants for punitive damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT III: (Mandamus)**
**(This count will be Supplemented with a Petition for a Writ)**

56. Plaintiffs and similarly-situated officers repeat, re-allege and incorporate by reference, the allegations in the aforementioned paragraphs.

57. Plaintiffs and similarly-situated officers seek mandamus relief in the form of a court order returning them to active employment with pay status and an order of back pay and all other make whole relief.

58. Plaintiffs and similarly-situated officers have a clear right to the relief sought in this Count based on the *Taylor* litigation, supra., which held the

Board's decision void where issued by an improperly-constituted Board. This means that, in fact, Plaintiffs and similarly-situated officers should be treated as they were never suspended.

59.     Defendant Dart has a clear duty to appoint persons to the Board for six (6) year terms, and not less pursuant to the Act, 55 ILCS 5/3-7002 and the *Taylor* litigation.

60.     Defendant Cook County has a clear duty to confirm only those proposed appointees to the Board who are proposed for six (6) year terms pursuant to the Act, 55 ILCS 5/3-7002 and the *Taylor* litigation. Defendant Board has a clear duty not to allow invalidly-termed persons to participate in, deliberate upon, hear or make rulings as a hearing officer, vote upon, or sign off on any decisions issued by the Board pursuant to the Act, 55 ILCS 5/3-7002.

61.     Based on the foregoing, Defendants have a clear duty to make Plaintiffs and similarly-situated officers wrongfully-deprived of work opportunities with Defendants and pay pursuant to the *Taylor* litigation.

62.     Based on the foregoing, Defendants have a clear duty to expunge, purge, and remove the Board's decision from all of their files and to treat Plaintiffs and similarly-situated officers as if the illegal disciplinary proceedings never occurred.

63.     By virtue of their employer and joint employer statuses, Defendants Cook County and the Sheriff have clear authority to comply with Taylor's proclamation that a void board's actions are a nullity.

64. Defendants proximately caused Plaintiffs and prospective class members' harm.

65. Defendants suffered harm as described in aforementioned counts.

**WHEREFORE**, Plaintiffs on behalf of themselves and all those similarly-situated, pray that the Court finds and declares that the Board was improperly constituted at the time of Plaintiffs' and similarly-situated officers' cases, including from receipt of the Sheriff's initial complaints and then again as to the amended complaints; and, thereafter that the Court Order Defendants Dart and Preckwinkle to adhere to the *Taylor* mandate, which means that by operation of law, Dart and Preckwinkle must return Plaintiffs and similarly-situated officers to active employment with back pay and all other make whole relief.

**COUNT IV (ILLINOIS): NEGLIGENT MISREPRESENTATION**
**Applies to all Defendants**

66. Plaintiffs repeat, re-allege and incorporate by reference, the assertions and allegations in the aforementioned paragraphs (including the "Facts" section) with the same force and effect as if herein set forth.

67. The Defendants made false representations of material facts, which included the false representation of the Board having legal status to include the false representation that illegally appointed members if the Board had been legally appointed to the Board.

68. There was carelessness and negligence in ascertaining the truth of the misrepresentations by the Defendants.

69. There was an intention by Sheriff Dart, Cook County, and its Sheriff's Merit Board to induce Plaintiffs to act (which included Plaintiffs expending one or more of the following: significant sums of monies for legal fees as well time, resources and energy).

70. The Plaintiffs and those similarly situated, took actions in reliance on the truth of the statements.

71. The Defendants acted willfully and wantonly.

72. There was damage to the Plaintiffs and those similarly situated, resulting from such reliance.

73. There was a duty owed by Defendants to Plaintiffs and to those similarly situated, to communicate accurate and truthful information, namely that the Board was (and continues to be) illegal and thus unable to cause movement on their (Plaintiffs' and those similarly situated) cases.

74. Patrick M. Brady, willfully and wantonly, falsely represented Plaintiffs and similarly situated officers that he was a legal member of the Board; as well, misrepresented that the Board was legal when he knew or should have known it was illegal.

75. Gray Mateo-Harris, willfully and wantonly, falsely represented to Plaintiffs and similarly situated officers, that she was a legal member of the Board; as well, misrepresented that the Board was legal when she knew or should have known it was illegal.

76. James P. Nally, willfully and wantonly, falsely represented to Plaintiffs and similarly situated officers, that he was a legal member of

the Board; as well, misrepresented that the Board was legal when he knew or should have known it was illegal.

77.     Byron Brazier, willfully and wantonly, falsely represented to Plaintiffs and similarly situated officers, that he was a legal member of the Board; as well, misrepresented that the Board was legal when he knew or should have known it was illegal.

78.     John Dalicandro, willfully and wantonly, falsely represented to Plaintiffs and similarly situated officers, that he was a legal member of the Board; as well, misrepresented that the Board was legal when he knew or should have known it was illegal.

79.     Kim R. Widup, willfully and wantonly, falsely represented to Plaintiffs and similarly situated officers, that he was a legal member of the Board; as well, misrepresented that the Board was legal when he knew or should have known it was illegal.

80.     Vincent T. Winters, willfully and wantonly, falsely represented to Plaintiffs and similarly situated officers, that he was a legal member of the Board; as well, misrepresented that the Board was legal when he knew or should have known it was illegal.


**WHEREFORE**, and that there is sought, judgment against Defendants, for back-pay. There is a separate and distinct demand actual, general, special, compensatory damages in the amount of at least $100,000.00, for each of named Plaintiffs; and, unnamed sum of at least such amount for each

of the prospective class members. Plaintiffs further demands judgment against Defendants for punitive damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT V (ILLINOIS): COMMON LAW FRAUD**
**Applies to all Defendants**

81. Plaintiffs repeat, re-allege and incorporate by reference, the assertions and allegations in the aforementioned paragraphs (including the "Facts" section) with the same force and effect as if herein set forth.

82. Plaintiffs have been (and continue to be) prosecuted by Sheriff Dart before an illegal administrative board.

83. In Illinois, "[w]here an administrative agency acts outside its specific statutory authority… it acts without jurisdiction. **Its actions are void, a nullity from their inception**." See *Taylor v. Dart*, 2016 IL App (1st) 143684, 64 N.E.3d 123 at 126-127 citing to *Daniels v. Industrial Comm'n,* 775 N.E.2d 936, 940 (2002).

84. Sheriff Dart, in the furtherance of ministerial acts, and the Sheriff's Merit Board, in the furtherance of ministerial acts, both made false statements of material fact. Namely, that the Merit Board was legal and that its members had been legally appointed.

85. Defendant Preckwinkle in the furtherance of a ministerial act, did knowingly, willfully, and wantonly present for a vote before the Cook County Board, nominees whose terms were for less than six years and not staggered.

86.    Furthermore, in the furtherance of reliance by the Plaintiffs and prospective class members, the Defendants required the Plaintiffs to participate in and subjected Plaintiffs to:

    a)  appearing before the Board and submitting to the purported jurisdiction of the Board; and,

    b)  its status hearings, its Discovery, its rulings on matters to include motions; and for some, subjected them to an administrative trial.

87.    The Defendants had knowledge that its actions, with statements, were false and made under false pretenses.

88.     The Defendants' intent was that their statements and actions would induce the Plaintiffs and prospective class members to act.

89.    The acts\reliance (intent) included that Plaintiffs had to retain counsel and then, as stated, supra., and repeated here again, having to appear before the Board and to submit to the purported jurisdiction of the Board; and, its status hearings; its Discovery, etc.

90.    The Defendants willfully and wantonly made false representations of material facts, which included the false representation of the Board having legal status to include the false representation that members of the Board were legally appointed to the Board.

91.    There was an intention by Sheriff Dart, Cook County, and its Sheriff's Merit Board to induce Plaintiffs and prospective class members to act (which included Plaintiffs or similarly situated having to expend monies for legal fees, as well time, resources, and energy).

92. The Plaintiffs suffered damages resulting from reliance on the false statements and actions of the Defendants. The damages included a loss of employment, stigma plus damages, legal fees and costs, “garden variety” mental stress and anguish, pain and suffering; loss of monies; and loss of reputation.

**WHEREFORE**, and that there is sought, judgment against Defendants, for back-pay. There is a separate and distinct demand for actual, general, special, compensatory damages in the amount of at least $100,000.00, for each of named Plaintiffs; and, unnamed sum of at least such amount for each of the prospective class members. Plaintiffs further demands judgment against Defendants for punitive damages plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

**COUNT VII (Class Certification)**

(This count is a class-action claim and will be supplemented with a motion)

93. Plaintiffs repeat, re-allege and incorporate by reference, the allegations in aforementioned paragraphs.

94. All Defendants falsely represented to Plaintiffs that the Board had jurisdiction of their cases.

95. All Plaintiffs relied to their detriment on such false representation.

96. All Defendants falsely represented to Plaintiffs that the Board was legal.

97. All Plaintiffs relied to their detriment on such false representation.

98. Because Board members were not properly appointed to the Board during relevant time periods, any and all disciplinary proceedings undertaken by the Board or Defendant Sheriff while such persons were purported, and unlawful members were and are void from inception.

99. The foregoing allegations stated throughout this complaint form the basis for the complaint and the basis upon which a class should be certified.

100. Because of the illegal conduct of Thomas Dart and the Board, Plaintiffs seek to represent the class.

101. The Board's conduct as well as that of Thomas Dart was done maliciously, willfully, wantonly, with willful ignorance and reckless disregard for the law and the *Taylor* decision, thus entitling Plaintiffs and those they seek to represent as a class, to a punitive damage award as well as class certification.

**WHEREFORE**, Plaintiffs seek that the Court rule as invalid, illegal, and void as a matter of law, the disciplinary proceedings pending for any of the class members for which class certification is proper. To wit, Plaintiffs seek that the Court certify the class as follows:

Additionally, Plaintiffs seek that the Court order that Plaintiffs and all class members are returned to deputization status with full back pay, benefits, other make-whole relief, and any other relief deemed appropriate by the Court. Plaintiffs on behalf of themselves and similarly-situated officers pray that the Court enter an award of attorneys' fees, and an award of punitive damages for Class Members.

*Plaintiffs hereby make a Jury Demand

DATED: March 3, 2018

*/S/* ***Christopher Cooper***, *Esq.*, Plaintiffs' Lead Counsel

*/S/Christopher Cooper* Cook County Bar #49766 | Illinois: 6307550 | Indiana: 2123245
Law Office of Christopher Cooper, Inc.
79 West Monroe Street, Suite 1213, Chicago, IL 60603 [or]
426 N. Broad Street, Griffith, IN 46319
Phone: 312 473 2968 | 219 228 4396 | cooperlaw3234@gmail.com

*Cass T. Casper, Esq.,* One of Plaintiffs' Counsel
Cook County Code #61254
TALON LAW, LLC
1153 West Lunt Avenue, Suite 253, Chicago, Illinois 60626
Phone: (312) 351-2478 | Fax: (312) 276-4930
Email: ctc@talonlaw.com

Pursuant to 28 U.S.C. 1746, I, JOSE VARGAS, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge. Plaintiff's Signature: /s/JOSE VARGAS, 3/3/18

Pursuant to 28 U.S.C. 1746, I, JOEL MIRELES, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge.
Plaintiff's Signature: /s/JOEL MIRELES, 3/3/18

Pursuant to 28 U.S.C. 1746, I, JUAN LICEA, being duly sworn on oath, state that I have read the foregoing Complaint and that I know the contents to the best of my ability as a non-lawyer, and the same are true and correct to the best of my knowledge.
Plaintiff's Signature: /s/JUAN LICEA, 3/3/18