**IN THE UNITED STATES DISTRICT COURT FOR**
**THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| JOSE VARGAS, JOEL MIRELES, JUAN LICEA, MIGUEL SAUCEDO, RONNIE MCGREGOR, KATHY VALENTINE, WILLIAM VALENTINE and JAIME MIRELES, on behalf of themselves and others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 18 CV 1598 |
| v. | ) ) | Judge Charles R. Norgle |
| COOK COUNTY SHERIFF'S MERIT BOARD; THOMAS DART; TONI PRECKWINKLE; NICHOLAS SCOUFFAS, and COOK COUNTY, ILLINOIS, | ) ) ) ) ) ) | Magistrate Judge Young B. Kim |
| Defendants. | ) | |

**DEFENDANT DART'S MOTION TO DISMISS CLAIMS OF PLAINTIFF JOSE VARGAS**
**UNDER FED. R. CIV. P. 12(b)(6) AND 9(b)**

Plaintiff Jose Vargas is a former Cook County Sheriff's officer who seeks relief from this Court based on a decision by the Cook County Sheriff's Merit Board ("Merit Board") to fire him for excessive violence to a detainee at the County Jail. Vargas also is the plaintiff in a state court case, *Vargas v. Dart et al.*, Case No. 2016 CH 14581 (Cir. Ct. Cook County, Ill.) – represented by the same counsel in both that case and this one – in which he challenges his firing and seeks wide-ranging relief against Sheriff Dart and the Merit Board. Vargas cannot split his claims into multiple lawsuits in multiple different courts.

In addition to this impermissible claim-splitting, the Complaint suffers from a legion of other fatal defects. These include: (1) the absence of a cognizable federal due process claim, because Valentine had adequate remedies under state law; (2) failure to plead "negligence" as a matter of law; (3) failure to plead civil fraud with particularity; (4) failure to plead breach of contract as a matter of law; (5) pleading "willful and wanton" conduct, which is not a cognizable claim; and (6)

1

pleading "class certification," which is not a cognizable claim.  Under Fed. R. Civ. P. 12(b)(6) and 9(b), the Complaint should be dismissed.

## STATEMENT OF RELEVANT PROCEDURAL HISTORY AND ALLEGATIONS[1]

### A.  The Merit Board and Illinois ARL.

1.       The Merit Board is an administrative agency that the Illinois General Assembly created via the County Police Department Act, 55 ILCS 5/3-7001 *et seq.* ("Merit Board Act").  The Merit Board has the exclusive authority to fire Sheriff's officers or suspend them for a period of more than 30 days.  *See* 55 ILCS 5/3-7011 and 7012.

2.       Under 55 ILCS 5/3-7012, the Merit Board's decisions are subject to review by an Illinois Circuit Court under the Illinois Administrative Review Law ("Illinois ARL").  The Illinois ARL, 735 ILCS 5/3-101 *et seq.*, preempts any other statutory, equitable or common law mode of review of decisions of an agency.  735 ILCS 5/3-102.  On review, an Illinois Circuit Court may not consider evidence that was not presented to the agency.  735 ILCS 5/3-110.  An Illinois court may, however, remand a case to the agency for a new decision.   735- ILCS 5/3-111.

### B.  The *Taylor v. Dart* Decision, And the Amended Merit Board Act.

3.       In May 2017, the Illinois Appellate Court decided *Taylor v. Dart*, 2017 IL App (1st) 143684-B, *appeal denied*, 2017 Ill. LEXIS 771 (Ill. Sept. 27, 2017).  *Taylor*, which came before the Appellate Court on interlocutory appeal from an Illinois ARL review, held that a Sheriff's officer

---

[1] In addition to the complaint, this motion cites to Illinois public records, including plaintiffs' prior litigation before the Merit Board and Circuit Court.  It is proper for a District Court to take judicial notice of matters of public record on a Rule 12(b)(6) motion, without converting the 12(b)(6) motion into a motion for summary judgment.  *See, e.g.*, *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) (collecting cases).  In addition, each of the eight plaintiffs in this federal lawsuit are also parties to eight separate Illinois proceedings that are each in widely varying procedural postures.  In the interest of judicial economy and efficiency, rather than lump all eight plaintiffs' Illinois proceedings into one motion to dismiss, the Sheriff has elected to file eight separate motions for all eight plaintiffs.  The Sheriff has no objection if plaintiffs wish to file an omnibus response to all eight motions or seek leave to do so in excess of the Court's page limit.

who was fired in 2013 had been disciplined by an improperly constituted Merit Board, and ordered that the officer's case be returned to the Merit Board for a new decision. 2017 IL App (1st) 143684-B ¶ 46.

4.     In response to *Taylor*, the Illinois General Assembly amended the Merit Board Act. *See* 55 ILCS 5/3-7002 (as amended effective Dec. 8, 2017). The amendment abolished the terms of office of all then-serving Merit Board members and authorized the Sheriff, with the advice and consent of the County, to make new appointments of up to nine members, as well as interim appointments to terms of fewer than six years in the event of vacancies.

5.     Following the amendments, the Sheriff appointed, and the County approved, the eight currently serving members of the Merit Board: Juan Baltierres, Patrick Brady, Byron Brazier, John Dalicandro, Gray Mateo-Harris, James Nally, Kim Widup, and Vincent Winters. (Dec. 13, 2017 App'ts, Ex. 1; Mar. 14, 2018 App't, Ex. 2.)

### C.  Plaintiff Jose Vargas.

6.     On March 17, 2015, the Sheriff filed a disciplinary complaint asking the Merit Board to fire Vargas. The Sheriff alleged that Vargas, a correctional officer, was caught on videotape using excessive force against a detainee, including punching the detainee several times, kneeling on the detainee's back as other officers were handcuffing him, and then kicking the detainee. (Compl., *In re Vargas*, Merit Bd. Dkt. No. 1086, Ex. 3.)

7.     The Merit Board conducted an evidentiary hearing, and, on October 26, 2016, it issued a decision firing Vargas. (*In re Vargas* Merit Bd. Op., Ex. 4.)

8.     On November 8, 2016, Vargas filed *Vargas v. Dart et al.*, Case No. 16 CH 14581 (Cir. Ct. Cook County, Ill.) ("State Court Lawsuit"), appealing his firing to the Illinois Circuit Court under the Illinois ARL. (Cir. Ct. Dkt. Sheet, Ex. 5.)

9.     The operative Second Amended Complaint in the State Court Lawsuit, filed January 16, 2018, is attached as Exhibit 6.  Vargas's complaint alleged four causes of action: (1) Count I, alleging both that the Merit Board decision firing Vargas was against the "manifest weight of the evidence" under the Illinois ARL and that Vargas's "due process" had been violated under the Illinois Constitution, and which included an ad damnum clause seeking $50,000 in compensatory damages from the Circuit Court, as well as attorneys fees and punitive damages, see Ex. 6 at 8-9); (2) Count II, for "Declaratory Relief" under *Taylor* and the Merit Board Act (*id*. at 10-11); (3) Count III, for "Mandamus Relief" under Illinois law (*id*. at 11-12); and Count IV, for "Injunctive Relief" under Illinois law (*id*. at 12-13).

10.     On April 27, 2018, after filing this federal lawsuit, Vargas voluntarily withdrew Counts II-IV from his Complaint in the State Court Lawsuit.  *See* Order in State Court Lawsuit, Exhibit 7.

11.     On May 18, 2018, after oral argument, the Illinois judge presiding over the State Court Lawsuit granted the Sheriff's motion to strike the *ad damnum* clause of Count I of Vargas's State Court complaint, on the ground that it sought "reinstatement, back pay, attorneys fees, and damages, compensatory and punitive," and that a Circuit Court lacks authority to grant such relief under the Illinois ARL.  (May 18, 2018 State Court Hrg. Tr., Ex. 8, at 39:11-40:14.)

12.     At the same May 18 hearing, Vargas's lawyer made reference to this federal case and represented that he may seek to voluntarily dismiss Vargas from this case and to reinstate Counts II-IV of his State Court Lawsuit.  (*Id*. at 36:16-39:10) ("I am not going to dismiss the entire federal complaint because there are several plaintiffs, but I can pull that count from Vargas, and once again bring it here, because that was the original intent.  …. Perhaps we don't need to be in the federal courts.").

      **D.**    **The First Amended Complaint.**

13.     Vargas's First Amended Complaint ("Compl.," Dkt. No. 31) alleges that, under *Taylor*, the Merit Board was improperly constituted when it decided Vargas's disciplinary case, because the Board included members who were either appointed to terms of fewer than six years or remained on the Board without reappointment after their terms had expired. (Compl. ¶ 25.) Vargas further alleges that he and the seven other plaintiffs belong to a "class" of "hundreds" of similarly situated officers previously disciplined by an improperly constituted Merit Board. (*Id.* ¶¶ 35-42.)

14.     The First Amended Complaint in this case alleges nine causes of action. Count I, for "Deprivation of 14th Amendment Due Process" under 42 U.S.C 1983, claims that Vargas has been deprived of due process because he was fired by an improperly constituted Merit Board. (Compl. ¶¶ 43-55.) Count II, also for "Deprivation of 14th Amendment Due Process" under 42 U.S.C 1983, alleges on information and belief that the Merit Board was somehow personally pressured and intimidated into firing him by Sheriff Dart and his General Counsel, for unspecified "political" reasons.[2] (*Id.* ¶¶ 56-72.) Count III, for "Declaratory Relief," asks this Court to declare Vargas restored to full duty with backpay and other "make whole" relief, including at least $100,000 in compensatory damages. (*Id.* ¶¶ 73-78.) Count IV, for "Mandamus," sounds under the Merit Board Act and asks for a writ of mandamus returning Vargas and all class members to their jobs with full benefits and backpay. (*Id.* ¶¶ 79-88.) Count V, for "Negligence," seeks money damages for the Illinois common law tort of negligent misrepresentation. (*Id.* ¶¶ 89-103.) Count VI, for "Fraud," seeks to hold all defendants liable for Illinois common law fraud. (*Id.* ¶¶ 104-115.) Count VII, for "Breach of Contract," alleges that the Sheriff breached purported collective bargaining agreements with three labor unions. (*Id.* ¶¶ 116-122.) Count VIII alleges a purported Illinois common law tort

---

[2] The General Counsel, defendant Scouffas, was only added as a defendant on May 16, 2018, and has not yet been served with process and thus has not yet appeared or been required to appear.

of "willful and wanton conduct." (*Id.* ¶¶ 123-126.) Count IX, for "Class Certification," asks this Court to certify the case as a class action. (*Id.* ¶¶ 93-101.)

## ARGUMENT

A Rule 12(b)(6) motion to dismiss should be granted if, taking well-pleaded allegations of the complaint as true, the facts plausibly suggest a right to relief. *McCauley v. City of Chicago*, 671 F.3d 611, 618 (7th Cir. 2011) (applying *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) and dismissing civil rights claim). Further, plaintiffs' claim for fraud (Count VI) must be pleaded with particularity under Fed. R. Civ. P. 9(b). The Complaint here falls wide of the mark in satisfying these basic pleading requirements and suffers from a host of fatal defects, as discussed below.

### I. Vargas Should be Dismissed in Light of His Prior State Court Lawsuit.

Vargas's attempt to bring two separate cases challenging his firing – one in Illinois state court and one in this Court – runs afoul of the well-settled rule against claim-splitting. The Seventh Circuit "deprecates the practice of filing two suits over one injury—often with an argument based on state law presented to a state court, and an argument arising under federal law presented to a federal court." *Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995) (reasoning that claim splitting imposes an unfair burden on defendants and state and federal courts). *See also, e.g.*, *Barr v. Bd. of Trs. of W. Ill. Univ.*, 796 F.3d 837, 840-41 (7th Cir. 2015) (decrying the improper litigation tactic of splitting claims between state and federal court in employment cases). Here, Vargas's appeal of the Merit Board decision is pending before the Illinois Circuit Court. Vargas cannot undermine this pending Illinois litigation with a separate federal lawsuit.

Moreover, the tortured chronology of Vargas's overlapping federal and state lawsuits leaves no doubt that he is engaged in the improper tactic of splitting his claims between this Court and the State Court Lawsuit. In January 2018, Vargas filed a four-count Second Amended Complaint in the

6

State Court Lawsuit seeking injunctive, declaratory and mandamus relief as well as reinstatement, backpay and substantial money damages under the Illinois ARL. In March 2018, Vargas turned around and filed a case in *this* Court seeking virtually identical relief. On April 27, Vargas voluntarily dismissed Counts II-IV of his State Court Lawsuit – an obvious ploy to split off those counts so they could proceed in this Court while his other claims proceeded in Illinois Circuit Court. Finally, on May 18, after the Illinois judge struck part of Count I of his complaint in the State Court Lawsuit, Vargas once again reversed course and said he planned to dismiss himself from this case so the State Court Lawsuit can proceed. This Court should not countenance any further forum shopping and claim splitting. This Court should dismiss Vargas from this case, and allow his pending Illinois litigation to take its course.

Alternatively, this case may be either dismissed or stayed under the *Colorado River* doctrine, because a concurrent state court case is underway and abstention would promote "wise judicial administration." *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2013) (affirming abstention ruling and quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)). The "primary purpose of the *Colorado River* doctrine is to conserve both state and federal judicial resources and prevent inconsistent results." *Freed*, 756 F.3d at 1018 (citing *Day v. Union Mines, Inc*., 862 F.2d 652 (7th Cir. 1988)); *see also Tyrer v. City of S. Beloit*, 456 F.3d 744 (7th Cir. 2006))(applying abstention); *Lumen Constr., Inc. v. Brant Constr. Co*., 780 F.2d 691 (7th Cir. 1985) (applying abstention). These facts present a classic example where the *Colorado River* doctrine should apply.

## II. Counts I and II Should be Dismissed Because Vargas's § 1983 Claims are not Cognizable in Light of Illinois Remedies that Vargas has not Exhausted.

There is no cognizable federal claim here under the Due Process Clause, because Vargas's claim is currently before an Illinois Circuit Court seeking review of the Merit Board's decision

against him. Vargas thus has not yet received all the process provided to him under Illinois law. Under the authorities below, there cannot be a due process deprivation by the Sheriff, if at all, until the Merit Board process here is complete.

In the well-reasoned, on-point and analogous case of *Jones v. Doria*, 767 F. Supp. 1432 (N.D. Ill. 1991), the court made clear that a Sheriff's officer has no "due process" ground under § 1983 to attack the suspension and termination procedures of the Merit Board. *Jones* held that a fired sheriff's deputy could not bring declaratory, injunctive and other federal due process claims against the Sheriff of DuPage County, because the deputy could not allege inadequate employment remedies under Illinois law. *Id*. at 1436. Specifically, *Jones* found that a suspended deputy sheriff has "the right to appeal an unfavorable decision of the [merit agency] to the circuit court under the Administrative Review Law, Ill. Rev. Stat. ch 100, para 3-101." 767 F. Supp. at 1437.

Likewise, in *Lolling v. Patterson*, 966 F.2d 230, 234 (7th Cir. 1992) – which cited and relied on *Jones* – the Seventh Circuit found a downstate Sheriff's alleged failure to "adhere to th[e] legal requirements" of the "Merit Systems Act" (a parallel statute to the Merit Board Act that applies in other counties) did not give rise to a § 1983 due process claim. *Lolling* pointedly noted that Illinois state law had adequate "postdeprivation remedies" for a wrongfully disciplined officer. *See also Palka v. Shelton*, 623 F.3d 447, 453 (7th Cir. 2009) (denying due process claim and noting that the Illinois Merit Board Act provides adequate procedures for officers facing disciplinary charges). *See also, e.g.*, *Tenny v. Blagojevich*, 659 F.3d 578, 582 (7th Cir. 2011) (holding adequate post-deprivation remedy in Illinois Circuit Courts "dooms" a federal due process claim); *Archie v. City of Racine*, 847 F.2d 1211, 1218 (7th Cir. 1988) (violation of state law is not by itself a violation of due process).; *accord Jackson v. Vill. of W. Springs*, 612 F. App'x 842 (7th Cir. 2015) (holding remedies against local government must be exhausted before due process claim is ripe).

The Illinois ARL is a longstanding statute that sets forth clear and adequate remedies for officers who wish to challenge a final Merit Board decision. *See* 55 ILCS 5/3-7012 (emphasis added) (the ARL "shall apply to and govern all proceedings for the judicial review of any order of" the Merit Board); 735 ILCS 5/3-102 (the ARL is the sole state mode of review). The ARL gives a Circuit Court reviewing power to either affirm the Merit Board's decision, reverse the Merit Board's decisions, or remand to the Merit Board with instructions. 735 ILCS 5/3-111(6)-(7). S*ee also Mitchem v. Cook County Sheriff's Merit Bd*., 196 Ill. App. 3d 528, 534 (Ill. App. Ct. 1990) (if backpay is at issue, Merit Board can determine backpay owed on remand). Indeed, *Taylor v. Dart*, 2017 IL App (1st) 143684-B – the basis of this entire Complaint – was an appeal under the ARL that was remanded to the Merit Board for a new decision. *Taylor*, 2017 IL App (1st) 143684-B.

The Complaint's heavy reliance on *Illinois* legal authorities only serves to confirm that this case concerns *Illinois* procedures and belongs in state court, not this federal Court. (*See* Compl. ¶¶ 19-31) (citing and quoting from the Merit Board Act, the *Taylor* case, *Daniels v. Indus. Comm'n*, 201 Ill. 2d 160 (Ill. 2002), and *Siddens v. Indus. Comm'n*, 304 Ill. App. 3d 506 (Ill. App. Ct. 1999)). Under these authorities, the articulated remedy in Illinois for a void Merit Board decision is a new Merit Board decision. *See Taylor*, 2017 IL App (1st) 143684-B ¶ 46 (applying *Daniels* and similar Illinois case law). Given the remedies available under Illinois law, Counts I and II should be dismissed. Because Count I and II fails to state a cognizable § 1983 claim, and all other counts arise under state law, this Court need not exercise supplemental jurisdiction under 28 U.S.C. 1367.

### III.     Count II Fails Utterly to Satisfy the *Twombly* Standard.

The Due Process claim in Count II fails for the separate, independent reason that plaintiff fails to plead any specific and plausible facts supporting his allegation that the Merit Board only fired him because it was improperly intimidated into doing so. Under *Twombly*, "a defendant should

not be forced to undergo costly discovery unless the complaint contains enough detail, factual or argumentative, to indicate that the plaintiff has a substantial case." *Limestone Dev. Corp. v. Vill. of Lemont*, 520 F.3d 797, 802-03 (7th Cir. 2008) (affirming dismissal). *See also, e.g.*, *Lynd v. Bristol Kendall Fire Prot. Dist.*, Case No. 11 C 7014, 2012 U.S. Dist. LEXIS 104899 at * 16 (N.D. Ill. Jul. 26, 2012) (*Twombly* requires a due process plaintiff to plead specific facts that plausibly suggest the inadequacy of relevant state-law remedies); *Suburban Towing, Inc. v. Vill. of Homewood*, 2012 Case No. 11 C 3304, U.S. Dist. LEXIS 22224 at * 8-13 (N.D. Ill. Feb. 12, 2012) (same)

Under this standard, Count II has no leg to stand on. Count II makes entirely conclusory allegations that the Merit Board was appointed for "political" reasons and was under "pressure and intimidation" to decide cases in the Sheriff's favor. (Compl. ¶¶ 56-72.) Indeed, much of Count II is based "on information and belief," underscoring the paucity of facts to support its conclusions. (*Id.* ¶¶ 64, 66, 69.) Count II fails to allege any facts **specific to Vargas** that plausibly show the Merit Board was disposed to acquit Vargas of the disciplinary charges, and that the Sheriff used improper means to change the Board's mind. Count II also cites two distinguishable due process cases. In *Ryan v. Ill. Dep't of Children & Family Servs.*, 185 F.3d 751, 762 (7th Cir. 1999), a DCFS investigator admitted to "an effort to go after the plaintiffs and terminate them regardless of the evidence." *Ciechon v. City of Chicago*, 686 F.2d 511, 520-21 (7th Cir. 1982) involved a paramedic who was fired after an investigation by a doctor who did not prepare a written report, in violation of city procedures, and who was shown to have a bias against the paramedic. In contrast to these cases, Vargas alleges no specific acts of animus toward him that support Count II.

## IV. Counts III-IX Are Precluded by the Illinois ARL.

Counts III through IX of the Complaint sound under Illinois law – and, under Illinois law, are precluded by the ARL. *See* ILCS 5/3-102 (where an agency's decisions are reviewable under

the ARL, then "any other statutory, equitable or common law mode of review of decisions of administrative agencies heretofore available shall not hereafter be employed."). A long line of Illinois decisions speaks to the adequacy, and exclusivity, of this procedure for relief. *See Dubin v. Personnel Bd.*, 128 Ill. 2d 490, 498-499 (Ill. 1989); *People ex rel. Chicago & N. W. R. Co. v. Hulman*, 31 Ill. 2d 166, 169 (Ill. 1964); *Stykel v. City of Freeport*, 318 Ill. App. 3d 839, 843 (Ill. App. Ct. 2001); *Krain v. Dept. of Prof'l Reg.*, 295 Ill. App. 3d 577, 580 (Ill. App. Ct. 1998); *Midland Hotel Corp. v. Dir. of Employment Sec.*, 282 Ill. App. 3d 312, 319-20 (Ill. App. Ct. 1996); *Heidenhain Corp. v. Doherty*, 288 Ill. App. 3d 852, 856-57 (Ill. App. Ct. 1997); *Lyons v. Ill. Dep't of Rev.*, 116 Ill. App. 3d 1072, 1079 (Ill. App. Ct. 1983); *Marozas v. Bd. of Fire & Police Comm'rs*, 222 Ill. App. 3d 781, 791 (Ill. App. Ct. 1991); *People ex rel. Thompson v. Property Tax App. Bd.*, 22 Ill. App. 3d 316, 319 (Ill. App. Ct. 1973); *People ex rel. Dever v. Wilson*, 107 Ill. App. 2d 223 (Ill. App. Ct. 1969). Here, Vargas has already filed an Illinois ARL claim, which is pending in Illinois state court. Under Illinois law, he is precluded from bringing other state law claims relating to his firing.

## V.  Count V Fails to State an Illinois Negligent Misrepresentation Claim.

Count V purports to allege the common law tort of negligent misrepresentation – which, under well-settled law, cannot be alleged here. Under *Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 218 Ill. 2d 326, 341 (2006) (affirming dismissal of complaint), a claim for negligent misrepresentation may *only* be filed against a defendant who is "in the business" of "providing information" "for the guidance of others in their business transactions." The Sheriff is a public official, not a "business," and Vargas was a correctional officer, and was not engaged in a "business transaction." *See also, e.g.*, *Am. Inter-Fidelity Corp. v. M.L. Sullivan Ins. Agency, Inc*., Case No. 15 C 4545, 2016 U.S. Dist. LEXIS 95300 at *24-35 (N.D. Ill. Jul. 21, 2016) (rejecting negligent misrepresentation claim and noting that, "[w]here Illinois courts have allowed negligent

misrepresentation cases to proceed, the defendants in those cases have generally used their professional expertise to offer information in the form of advice or counseling that the plaintiffs use as a guide to conducting their business transactions."); *Auto-Owners Ins. Co. v. Konow*, 2016 IL App (2d) 150823 (reversing negligent misrepresentation judgment arising out of settlement of auto accident, because the defendant was not providing information for the guidance of others in their business transactions). The Illinois tort of negligent misrepresentation cannot apply here.

In addition, even if Vargas and the Sheriff are a "business" (which they are not), Count V fails to satisfy basic pleading requirements because Count V only recites boilerplate elements of a negligent misrepresentation claim, without pleading specific supporting facts. The elements of negligent misrepresentation are (1) a false statement of material fact; (2) negligence; (3) intent to induce reliance; (4) reasonable reliance; (5) damages; and (6) defendant's duty to communicate accurately in the course of aa "business transaction." *See Midwest*, 218 Ill. 2d at 338-39. The Complaint falls far short of pleading all six essential elements under Rule 12(b)(6) and *Twombly*.

## VI. Count VI Fails to Plead Illinois Common Law Fraud With Particularity.

There are five elements of a fraud claim under well-settled Illinois law. Plaintiff must plead: (1) a false statement of material fact; (2) knowledge or belief by the defendant that the statement was false; (3) an intention to induce the plaintiff to act; (4) reasonable reliance upon the truth of the statement by the plaintiff; and (5) damage to the plaintiff resulting from this reliance. *Connick v. Suzuki Motor Co*., 174 Ill. 2d 482, 496 (1996). Fed. R. Civ. P. 9(b) further requires that a complaint "'state with particularity the circumstances constituting fraud.' And that means describing the 'who, what, when, where, and how' of the fraud." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 948 (7th Cir. 2013) (citations omitted).

Here, Vargas pleads his fraud claims in a general, boilerplate manner and lumps himself in with the seven other plaintiffs. (Compl. ¶¶ 104-114.) He comes nowhere close to pleading the five required elements of common law fraud against the Sheriff with particularity. The boilerplate fraud claim fails to identify specific false statements by Sheriff Dart upon which Vargas relied; fails to allege specific facts showing the Sheriff knew the statements were false; fails to allege specific facts showing when, why and how Vargas heard false statements, where he heard it; fails to allege where, why and how he relied on allegedly false statements; and fails to allege specific facts showing his reliance was reasonable or led to specific damages. *Cincinnati Life*, 722 F.3d at 948 (affirming dismissal of fraud claim). *See also, e.g.*, *DiLeo v. Ernst & Young*, 901 F.2d 624, 628 (7th Cir. 1990) (rule 9(b) requires plaintiffs to plead the "who, what, when, where and how" of a claim with particularity); *Putzier v. Ace Hardware Corp.*, 50 F. Supp. 3d 964 (N.D. Ill. 2014) (citing *DiLeo* and dismissing fraud claim). Indeed, Vargas fails to explain how or whether he would have behaved any differently had the Merit Board been properly appointed. Count VI falls far short of satisfying Fed. R. Civ. P. 9(b) and should be dismissed.

**VII. Count VII Fails to State a Breach of Contract Claim.**

Vargas attaches to his complaint (Dkt. No. 31-2) a 232-page collection of purported collective bargaining agreements ("CBAs") between the Sheriff, County and two labor unions: the American Federation of State, County and Municipal Employees ("AFSCME") and the International Brotherhood of Teamsters ("Teamsters"). Without specifying which of the two unions (if any) to which he allegedly belongs, Vargas asserts in conclusory fashion that the Sheriff and County have breached unspecific "provisions" of the CBAs. (Compl. ¶¶ 116-123.) This is no basis for a breach of contract claim, for at least four reasons. *First*, Vargas is not a party to any of the CBAs attached to his complaint. *Second*, Vargas fails to allege any specific term of any of the CBAs that the Sheriff

allegedly breached. *Third*, as a matter of Illinois law, a collective bargaining agreement cannot be used to amend or affect the Merit Board Act in any way, and collective bargaining is thus incompatible with the Merit Board process. *See Nall v. Int'l Ass'n of Machinists & Aero. Workers*, 307 Ill. App. 3d 1005, 1010-11 (Ill. App. Ct. 1999); *City of Markham v. State & Municipal Teamsters*, *Chauffeurs & Helpers, Local 726*, 299 Ill. App. 3d 615, 618 (Ill. App. Ct. 1998). *Fourth*, AFSCME and Teamsters expressly acknowledge that the Merit Board disciplinary process is not subject to the terms and conditions of the CBAs. *See* AFSCME CBAs, Dkt. No. 31-2 at 184-185; Teamsters CBAs, Dkt No. 31-2 at 36, 88, 98, and 111. This acknowledgement mirrors *Nall* and *City of Markham*, which is the law in Illinois. There is no breach of contract claim here, and Count VII should be dismissed.

### VIII. Count VIII for "Willful and Wanton Conduct" Fails to State a Claim.

Count VIII of the Complaint sounds in the purported Illinois tort of "willful and wanton conduct." (Compl. ¶¶ 123-26.) This count should be dismissed, both because it is devoid of any plausible supporting facts and because Illinois does not recognize an independent common law cause of action for "willful and wanton" conduct. *Mucklow v. John Marshall Law School*, 176 Ill. App. 3d 886, 894-95 (Ill. App. Ct. 1988). *See also Rhyan v. City of Waukegan*, 819 F. Supp. 2d 755, 758-59 (N.D. Ill. 2011) (same); *Remblake v. County of Will*, 2010 U.S. Dist. LEXIS 96821 at *5-6 (N.D. Ill. Sept. 16, 2010) (same).

### IX. Count IX for "Class Certification" Fails to State a Claim.

Count IX of the Complaint is a purported cause of action for "Class Certification." The Sheriff is aware of no authority in the Seventh Circuit or anywhere else indicating that "class certification" is a cause of action. Rather, a class certification motion under Fed. R. Civ. P. 23 is a procedural mechanism for litigating a case. Accordingly, Count IX is redundant and duplicative of

Vargas's other causes of action, for which he seeks to certify a class of formerly disciplined officers, as well as their pending motion for class certification.

## CONCLUSION

For the foregoing reasons, Defendant Thomas J. Dart respectfully requests that the Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) be GRANTED.

Respectfully submitted,

*Defendant Thomas J. Dart, Sheriff of Cook County,*

/s/ Stephanie A. Scharf

Stephanie A. Scharf
Sarah R. Marmor
George D. Sax
SCHARF BANKS MARMOR LLC
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Phone: (312)726-6000
Email: sscharf@scharfbanks.com
Email: smarmor@scharfbanks.com
Email: gsax@scharfbanks.com

15

## CERTIFICATE OF SERVICE

I certify that on May 23, 2018, I served the foregoing **DEFENDANT DART'S MOTION TO DISMISS CLAIMS OF PLAINTIFF JOSE VARGAS UNDER FED. R. CIV. P. 12(b)(6) AND 9(b)** via electronic mail to the below-listed counsel of record via the Court's ECF system at the email addresses below.

/s/ Stephanie A. Scharf

*Counsel for Defendant Thomas J. Dart,*
*Sheriff of Cook County*

| | |
|---|---|
| Cass T. Casper<br>TALON LAW, LLC<br>1153 West Lunt Avenue, Suite 253<br>Chicago, Illinois 60626<br>Phone: (312) 351-2478<br>Email: ctc@talonlaw.com<br><br>Arthur S. Gold<br>GOLD & ASSOCIATES, LTD.<br>55 West Monroe Street, Suite 2300<br>Chicago, Illinois 60603<br>Phone: (312) 372-0777<br>Email: asg@cgjustice.com<br><br>Christopher C. Cooper<br>LAW OFFICE OF CHRISTOPHER COOPER, INC.<br>426 North Broad Street<br>Griffith, Indiana 46319<br>Phone: (219) 228-4396<br>Email: cooperlaw3234@gmail.com<br><br>*Attorneys for Plaintiffs* | Cathy McNeil Stein<br>COOK COUNTY STATE'S ATTORNEY'S OFFICE – CONFLICT DIVISION<br>69 West Washington Street, Suite 2030<br>Chicago, Illinois 60602<br>Phone: (312) 603-1424<br>Email: cathymcneil.stein@cookcountyil.gov<br><br>*Attorney for Defendant The Cook County Sheriff's Merit Board.*<br><br>Nile N. Miller<br>Jordan Lane Matthis<br>COOK COUNTY STATE'S ATTORNEY'S OFFICE – CIVIL ACTIONS BUREAU<br>50 West Washington Street, Suite 500<br>Phone: (312) 603-4186<br>Email: nile.miller@cookcountyil.gov<br>Email: jordan.matthis@cookcountyil.gov<br><br>*Attorneys for Defendants Cook County and Toni Preckwinkle* |