IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| JOSE VARGAS, et al. | |
| Plaintiffs, | Case No. 18 cv 1598 |
| v. | The Honorable Charles R. Norgle |
| THOMAS J. DART, et al., | Magistrate Judge Young B. Kim |
| Defendants. | |

**PLAINTIFF JOSE VARGAS' RESPONSE TO DEFENDANT'S 12(b)(6) AND 9(b) MOTION TO DISMISS**

NOW COMES, Plaintiff, JOSE VARGAS, through undersigned counsels, Cass T. Casper, Esq., and Christopher Cooper, Esq., and responds in opposition to Defendant's Motion to Dismiss Claims of Plaintiff Jose Vargas ("Motion"). (Dkt. 36). For the following reasons, the Motion should be denied.

Since[1] the filing of the First Amended Complaint ("FAC"), the First District Appellate Court of Illinois issued *Lopez v. Dart* ("*Lopez*"), 2018 IL App (1st) 170733 (1st Dist. 9/28/2018), and *Cruz v. Dart* ("*Cruz*"), 2019 IL App (1st) 170915 (1st Dist. 1/22/2019). Rather than deflate Plaintiffs' case, these decisions demonstrate that there is no adequate state remedy for the constitutional deprivations alleged in the FAC for Defendants' unlawful acts under procedural and substantive due process cases such as *Michalowicz v. Village of Bedford Park*, 528 F.3d 530 (7th Cir. 2008) and *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937 (7th Cir. 2003).

*Cruz* and *Lopez* demonstrate that there is *no* state court remedy, much less an adequate one, because of the very formulation of the *de facto* officer doctrine being applied by the state courts, which are

---

[1] This Court recently lifted the stay on this Case after it determined that a pending motion to reassign this case to the calendar hearing *Shyne, et al. v. Dart, et al.*, 18-cv-1231 (J. Wood), had lingered for nine months. Dkt. 70. Undersigned counsel apologizes to the Court for not providing a status update, but they did file the Motion to Reassign in 18-cv-1231, but that case was separately stayed pending state court proceedings. *See* 18-cv-1231 (Dkts. 41-42, 60, 84). Plaintiffs' counsel in good faith believed that the Motion to Reassign was stayed as well.

applying the doctrine like a door prize. *See Baggett v. Industrial Commission*, 201 Ill.2d 187, 775 N.E. 2d 908, 920 – 921 (2002) (J. Thomas) (in discussing Illinois' formulation of the doctrine, Justice Thomas wrote, *inter alia*, "Presumably, [] cases will take varying amounts of time to work their ways through the system. Will the door prize go to the first to have his or her challenge adjudicated by the trial court? Surely not, for this would punish litigants whose arguments are more complex or whose cases are assigned to backlogged courtrooms. The first case to be decided by appellate court? This presents the same inequities that arise in the trial court."). Plaintiffs take Justice Thomas' criticism in *Baggett* a step further in this case by stating that Illinois' formulation of the doctrine itself demonstrates no adequate remedy for Plaintiffs' 14th Amendment procedural and substantive due process deprivations under state law.

Second, Defendants include almost nothing in their Motions to Dismiss that discusses Count 2 of the FAC, which claims that the Board provides sham disciplinary hearings. *See FAC*, Counts 1 and 2, ¶¶43-72. Counts 1 and 2, read together, state that the Plaintiffs' alleged harms are not mere "technicalities," but go to the administration of justice under the Cook County Sheriff's Merit Board Act, 55 ILCS 5/3-7002, which is intended to vouchsafe fair, neutral, and balanced hearings for peace officers. *Cf. Taylor II*, 2017 IL App 1st 143684B, ¶31 ("Like section 13 of the Act, section 3-7002 of the Code is designed to ensure that the goals of experienced membership and political balance are met.") Plaintiffs submit that the Board did not provide such hearings, undermining their procedural and substantive due process rights. *See FAC*, Counts 1 and 2, ¶¶43-72. The Motions should be denied.

I.  **The ARL Does Not Provide Adequate Remedies In Light Of *Cruz* And *Lopez*.**

Defendant claims that there is no cognizable federal claim under the Due Process Clause because "Vargas's claim is currently before an Illinois Circuit Court seeking review of the Merit Board's decision" and "Vargas thus has not yet received all the process provided to him under Illinois law." Dkt. 36, pp.7-8. Defendants are incorrect because Plaintiffs will have the *de facto* officer doctrine applied to them under *Cruz* and *Lopez* in the state courts – regardless of the pendency of proceedings there, and this fact puts

them out of any state court remedy, much less an adequate one. Defendant is also wrong to inject an exhaustion requirement into a § 1983 action. *See Schwartz*, 330 F.3d at 940 ("a plaintiff is not required to exhaust state remedies to bring a § 1983 claim"); *Jensen v. Indianapolis Public Schs.*, 2017 WL 3243911 (S.D. In., 2018) (accord); *Tyagi v. Sheldon*, 2017 WL 4130531, *17 (N.D. Ill. 2017) (accord).

Contrary to Defendants' characterization of it, *Jones v. Doria*, 767 F.Supp. 1432 (N.D. Ill. 1991) supports Plaintiffs' claims. In it, Judge Shadur recognized that a law providing for police officer pre-deprivation disciplinary hearings <u>does</u> establish a Fourteenth Amendment-protected property right in continued compensation for such officers. *Id.* at 1436 (emphasis added). He stated that "[o]nce the State thus granted [plaintiff] the right to employment unless there was 'cause' to suspend or fire him, that right became a property interest protected by the Due Process Clause." *Id. Jones* then states that, to determine whether a constitutional violation has occurred in the suspension of a public employee, "it is necessary to ask what process the State provided, and whether it was constitutionally <u>adequate</u>. This inquiry would examine the procedural safeguards built into the statutory and administrative procedure for effecting the deprivation, and any remedies for erroneous deprivations provided by statute or tort law." *Id.* at 1439 (emphasis added).

The FAC here alleges the Sheriff suspended the Plaintiffs in excess of the 30-days he was allowed to by state law, and sought their terminations, even though he knew or should have known that the Board was structured improperly, could not validly rule upon the Plaintiffs' discipline, nor that it could legally ratify the Sheriff's greater than 30-day suspensions. *FAC,* Dkt. 31, ¶¶ 1-14, 18 (noting greater than 30-day suspension pending Board hearing) 43-55. *See also* 55 ILCS 5/3-7011, 7012 (Sheriff's suspensions limited to 30 days). The purpose of the Board's terms and political affiliation requirements under the state law are to ensure a politically- and experientially-balanced Board decides these matters. *See Taylor v. Dart*, 2017 IL App (1st 143684-B) *23 (May 12, 2017). In this case, Plaintiffs allege that the Board's members were improperly- and illegally-appointed, meaning the political and experiential safeguards in Section 7002 of the

3

Act were never met. See FAC, Dkt. 31, ¶¶ 1-14, 18, 22-28 (Board appointments defective), 43-55, 97-102. This case falls into Judge Shadur's standard in *Jones v. Doria* because the FAC alleges that the substantive safeguards of political / experiential balance were not met. *Jones*, 767 F.Supp. 1432 at 1439. That brings this Court to the next step, which is the *adequacy* of state law remedies for erroneous deprivations. As noted above, Plaintiffs submit that the Illinois Courts very formulation of the *de facto* officer doctrine prevents Plaintiffs from pursuing a state court remedy. As noted by Justice Thomas in *Baggett v. Ind. Comm'n.*, *supra.*, the practice of awarding appellate relief to only the first person to raise an issue is lottery-based appellate relief. And it is not just that Plaintiff's are unhappy with the state court's rulings, but rather they are saying here that the state court's rewarding *one litigant only* for a wrong suffered by all of the Plaintiffs here serves to acknowledge the wrongful state action, but then deprives these Plaintiffs of any remedy for it whatsoever.

Plaintiffs in this case have viable claims under the random and unauthorized due process line of cases, such as *Michalowicz*, 528 F.3d 530 (7th Cir. 2008). There, the Seventh Circuit recognized that due process violations exist where state actors unforeseeably fail to follow the requirements of existing law, and where there are insufficient state law remedies after such occurs. *Id.* at 534. *Michalowicz* emphasizes that plaintiffs may state 14th Amendment claims where they can demonstrate that state remedies are meaningless and nonexistent, and in no way can provide due process relief guaranteed by the 14th Amendment. *Id.* There is no better demonstration of an inadequate remedy than this case, where Plaintiffs who challenge their suspensions without pay pending Board termination decisions, and challenge their termination decisions, inevitably face application of the *de facto* officer doctrine on ARL under *Cruz* and *Lopez*. Plaintiffs, thus, cannot be made whole in state court for these deprivations.

The foregoing demonstrates why this case in line with *Michalowicz*, in that such non-existent / inadequate remedies give rise to a 14th Amendment claim. In *Yahnke v. County of Kane*, 2017 WL 1980248, *6 (N.D. Ill. 2015) (J. St. Eve), this Court recognized that "[w]hen determining what process is due

4

in the context of unauthorized deprivations of a protected property right, if there is an adequate post-deprivation state law remedy available, this remedy is all the process a plaintiff is due." Because failure to follow procedures or laws "is inherently unpredictable, the state's obligation under the Due Process Clause is to provide sufficient remedies after its occurrence, rather than to prevent it from happening." *Id.* While *Yahnke* recognized that the ARL is a state law remedy for purposes of this analysis, it also recognized that the plaintiff bringing a due process claim must show that "the state law post-deprivation remedy was inadequate." *Id.* (citing *Bettendorf v. St. Croix County*, 631 F.3d 421, 427 (7th Cir. 2011)). "A state law remedy is inadequate if it is meaningless or nonexistent." *Id. Yahnke*'s analysis, not result, is what is important for present purposes: *to wit*, these Plaintiffs can file all the state court ARL complaints they want, but same will be meaningless because the state courts will apply the *de facto* officer doctrine about the issues raised in the Complaint in this c ase. So too, *Schoen v. City of Milwaukee*, 2014 F.Supp.3d *3 (E.D. Wis. 2014), recognized that a complaint may state a valid procedural due process objection where it includes "a challenge to the fundamental fairness of the state procedures," and where the state remedy available "in no way can be said to provide the due process relief guaranteed by the fourteenth amendment." *Id.* (citing *Easter House v. Felder*, 910 F.2d 1387, 1406 (7th Cir. 1990)). There is no way state proceedings can provide adequate remedies given *Cruz'* and *Lopez'* application of the *de facto* officer doctrine to all but the first to challenge defective appointments. This is fundamentally unfair for the reasons noted by Justice Baggett.

    *Kahlily v. Francis*, 2008 WL 5244596, *2 (N.D. Ill. 2008) provides a means of analyzing whether or not there are *adequate* state remedies by first assessing whether there is a remedy in state law, and then analyzing whether the remedy is meaningless. *Id.* at *3. In that case, Judge Kendall found that there was a state law remedy for conversion that plaintiff could assert for allegations that a police officer stole his belongings, although because the plaintiff did not allege that he availed himself of that remedy, he did not implicate due process. But in this case, Defendants talk about the existence of the ARL, but the problem is

5

that the ARL is meaningless because it will yield the application of the *de facto* officer doctrine – which, again, under Illinois' formulation expressly takes away a remedy for everyone after the first person to uncover defects.

With respect to the adequacy of state remedies, Courts in this district have held that the lack of state procedures to provide complete redress, including lack of a monetary remedy,,are meaningless and inadequate remedies. *See Sturdevant v. Haferman*, 798 F.Supp. 536, 540-41 (E.D. Wis. 1992); *Smith v. McCaughtry*, 536, 540-41 (E.D. Wis. 1992).

Defendant also relies on *Lolling v. Patterson*, 966 F.2d 230, 234 (7th Cir. 1992), but that case is perfect for Plaintiffs' case here because it recognized that the plaintiff's "suspension by Sheriff Patterson for more than 30 days without pay was random and unauthorized. . .[s]uch deprivations of property which occur without a predeprivation hearing do not violate due process so long as the state provides a meaningful postdeprivation remedy." *Id.* at 233. That case, therefore, is in point because it shows that both cases belong in the "random and unauthorized" category of due process violations where the issue is adequacy of a post-deprivation process. As noted above, these Plaintiffs do not have an adequate state law remedy.

Defendants will accuse Plaintiffs of trying to attack the state court judgments in *Cruz* and *Lopez*, but even the Illinois Courts carve out application of the *de facto* officer doctrine where a challenge to official action is based on "nonfrivolous constitutional grounds." *Daniels v. Ind. Comm'n*, 201 Ill.2d 160, 174-75 (2002) (J. McMorrow, concurring). That is what this case is – a challenge to Defendants' deprivations of Plaintiffs' protected property interests in their employment by unlawful, random and unauthorized subjection to an unlawfully-composed Merit Board. Dkt. 31, *FAC*, ¶¶43-55. For the foregoing reasons, there is no adequate state law remedy for Plaintiffs because they cannot get relief the Courts under *Cruz* and *Lopez*, and Defendants' Motion should be denied.

II.     **Plaintiff Is Not "Claim-Splitting" Because There Is No Final State Judgment.**

Defendants' complaint about "claim-splitting" fails because Plaintiff voluntarily dismissed the Merit Board compositional issues from his state court complaint and there is no final state judgment. *See* Dkt. 36, ¶10. The remaining case simply seeks judicial review. This case is asserting different claims entirely, including that the Board conducted a sham hearing and its compositional defects undercut the validity of the process it was required to provide – in conjunction, the two counts heighten the problems alleged on both fronts. *See FAC*, Counts 1 and 2, ¶¶43-72.

*Rogers v. Desiderio*, 58 F.3d 299, 300 (7th Cir. 1995), states that "judges award plaintiffs not the better outcome but the first outcome: whichever suit goes to judgment first is dispositive, and the doctrine of claim preclusion (res judicata) requires the other court to dismiss the litigation." *Rogers* specifically contended with a suit filed after a state court ruled against plaintiffs on the merits, and after a federal court dismissed the suit on *Younger* grounds. *Id.* Those facts are not present here because Plaintiff has not obtained a judgment on the merits of his claims in state court; indeed, he dismissed those claims and brought them here. There is no claim-splitting and no attempt to have this Court attack a state court *judgment*.

This jurisdiction has emphasized that the claim-splitting rule is geared toward preventing attack on state *judgments*. For example, this Court recently declined to follow *Rogers* where there was "an open question as to whether a final judgment on the merits has been rendered" in a state case where an appeal of a state case is pending. *See Thompson v. City of Chicago*, 14-cv-6340, 2016 WL 362375, *3 (N.D. Ill. 2016) (J. Lee). While Vargas does not have a state appeal pending because his state ARL case is not completed, *Thompson* demonstrates that it is state court *finality* that matters for purposes of the claim-splitting rule discussed in *Rogers*. So too, *Rogers* is largely only cited for the claim-preclusive effects of a prior state judgment. *See, e.g.*, *Eagle Marine Inds., Inc. v. Conagra Foods, Inc.*, 2006 WL 3692435, *3 (S.D. Ill. 2006) (citing cases); *Dwyer v. Evoy*, 12 F.Supp.2d 832, 835 (N.D. Ill. 1998) ("It is not impossible

7

that the state court case could break down in a way that would avoid the preclusive effect of the circuit court's judgment."). *Barr v. Bd. of Trs. of Western Ill. Univ.*, 796 F.3d 837, 840-41 (7th Cir. 2015) is distinguishable for the same reason. Accordingly, Plaintiff's claim is not precluded and not claim-splitting. Defendants' Motion should be denied.

### III. A Stay Or Dismissal Under *Colorado-River* Is Inappropriate Because *Cruz* and *Lopez* Demonstrate That There Is No Adequate State Law Remedy.

"Federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Adkins v. VIM Recycling, Inc.*, 644 F. 3d 483, 496 (7th Cir. 2011). "This duty to exercise jurisdiction rests on 'the undisputed constitutional principle that Congress, *and not the Judiciary*, defines the scope of federal jurisdiction within the constitutionally permissible bounds.'" *Id.* (quoting *New Orleans Public Serv., Inv. v. Council of City of New Orleans*, 491 U.S. 350, 359 (1989) (original emphasis)). Federal courts "have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." *Cohens v. Virginia*, 19 U.S. 264 (1821). "[A] federal court's ability to abstain from exercising jurisdiction 'is the exception, not the rule,' and can be justified only in exceptional circumstances." *Adkins* at 498 (quoting *Ankenbrandt v. Richards*, 504 U.S. 680, 705 (1992)).

The *Colorado River* abstention doctrine permits federal courts to defer to a "concurrent state proceeding" as a matter of "wise judicial administration." 424 U.S. 800, 818 (1976). The Supreme Court cautioned at the birth of this doctrine that "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for [other theories of] abstention." *Adkins* at 497 – 498. In this case, *Cruz* and *Lopez* demonstrate that there are no adequate state law remedies, and the *Colorado-River* factors cut against abstention.

#### 1. There Is No Parallel State Court Case Under *Colorado River* In Light Of *Cruz* And *Lopez*.

The first step in *Colorado River* abstention analysis is to "determine whether the concurrent state and federal actions are actually parallel." *Tyrer v. City of South Beloit*, 456 F.3d 744, 751 (7th Cir. 2006). If so, the second step is

8

that the court must consider whether "exceptional circumstances" justify abstention. *Id.* Suits are parallel when "substantially the same parties are contemporaneously litigating substantially the same issues." *Id.* at 752. In essence, the fundamental question is whether there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004). "Any doubt regarding the parallel nature of the [state] suit should be resolved in favor of exercising jurisdiction." *AAR International, Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 520 (7th Cir. 2001).

While Plaintiffs are aware of this Court's ruling in *Campos v. Cook County, et al.*, 18-cv-2305, *9 (J. Norgle), this Court in that case specifically stated that, under *Rooker-Feldman*[2], it "expresses no view regarding the impact of *Lopez* on the circuit court's decision to void the Merit Board's termination of Plaintiff." In this case, it is the state court's application of the *de facto* officer doctrine in *Lopez* and *Cruz* that demonstrates that there is no adequate state law remedy for Plaintiffs – and to be clear, it is *not* that Plaintiffs are attacking the state court judgments in *Lopez* and *Cruz*; rather, Plaintiffs state that the *de facto* officer doctrine means there is no state law remedy  No one better expresses this than Justice Thomas in *Baggett v. Industrial Commission*, 201 Ill.2d 187, 775 N.E. 2d 908, 920 – 921 (2002) where he states about Illinois' formulation of the *de facto* officer doctrine that:

"Litigation is not a raffle, and appellate relief should not be a door prize.***For that matter, under the hypothetical facts set forth above, how will this court decide who the lucky recipient of undeserved appellate relief will be? Again, 100 lawsuits are filed on the same day. <u>Presumably, those cases will take varying amounts of time to work their ways through the system. Will the door prize go to the first to have his or her challenge adjudicated by the trial court? Surely not, for this would punish litigants whose arguments are more complex or whose cases are assigned to backlogged courtrooms. The first case to be decided by appellate court? This presents the same inequities that arise in the trial court.</u> The first petition for leave to appeal filed in this court? This is a possibility, but this court often passes on an issue several times before finally granting leave to appeal. The first petition for leave to appeal allowed by this court? Maybe, but again, what if the first petition allowed is not the first one filed? The answer, of course, is that there is no answer, because courts should not be in the business of singling out and conferring upon isolated litigants relief that the law clearly prohibits."

---

[2] Defendants do not argue *Rooker-Feldman*; however, the doctrine does not apply here because Plaintiffs are not attacking any state court judgment, just stating that *Cruz* and *Lopez* mean that there is no adequate state law remedy.

*Id.* (emphasis added). In this case, Plaintiffs state that the *de facto* officer doctrine from *Cruz* and *Lopez* renders the state court remedies inadequate because they confer a special benefit on one person to the exclusion of everyone else who suffered the same harm. Accordingly, this suit is not parallel to the state proceeding because there can be no "case" pending that encompasses the compositional issues in light of *Cruz* and *Lopez*. The only remaining issue in the state case is whether or not the Board's decision in Vargas withstands ARL review. On that front, there is no "substantial likelihood that the state litigation will dispose of all claims presented in the federal case," because Plaintiff's claims will be subjected to the *de facto* officer doctrine in the state courts. *Clark v. Lacy*, 376 F.3d 682, 686 (7th Cir. 2004). There is and can be, thus, no parallel case about the Board's compositional issues.

*Adkins* is further instructive that courts should be "leery of abstaining where litigants may be unable to press their federal claims in a state forum." *Id.* at 500. In that case, the Seventh Circuit was moved by the fact that the state case in issue was "brought in Indiana state courts exclusively under Indiana state law" and that it, thus, could not fully dispose of the federal claims. *Id.* The same issue is present here: there is no 14th Amendment claim in the state case, and there can be no such claim because of the state court's application of the *de facto* officer doctrine. Therefore, even if there is a state case, it will not dispose of the 14th Amendment claims. Accordingly, this Court should find that the *Colorado River* abstention analysis ends at the first step because there is, and can be, no parallel state case.

### 2. **If There Is A Parallel State Case, *Colorado River*'s Factors Weigh Against Abstention.**

Abstention is appropriate only "under exceptional circumstances" and if it would promote "'wise judicial administration.'" *Freed v. J.P. Morgan Chase Bank, N.A.*, 756 F.3d 1013, 1018 (7th Cir. 2014). The task is "not to find some substantial reason for the *exercise* of federal jurisdiction by the district court; rather, the task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify *surrender* of that jurisdiction." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 25 –

26 (1983) ("*Moses H. Cone*") (original emphases). In the Seventh Circuit, this analysis involves consideration of non-exclusive factors that might demonstrate the existence of exceptional circumstances:

"1) whether the state has assumed jurisdiction over property; 2) the inconvenience of the federal forum; 3) the desirability of avoiding piecemeal litigation; 4) the order in which jurisdiction was obtained by the concurrent forums; 5) the source of governing law, state or federal; 6) the adequacy of state-court action to protect the federal plaintiff's rights; 7) the relative progress of state and federal proceedings; 8) the presence or absence of concurrent jurisdiction; 9) the availability of removal; and 10) the vexatious or contrived nature of the federal claim."

*Adkins*, p. 500 – 501. However, "these factors are not meant to be a "mechanical checklist," but require careful balancing by the federal district court. *Id.* at 501. "[T]he evaluation must be made 'with the balance heavily weighted in favor of the exercise of jurisdiction.'" *Id.* (citing *Moses H. Cone* at 16).

**Source of Governing Law is Federal.** This factor weighs against abstention. As alleged in the FAC, Plaintiffs are *for cause* public employees who have a protected property interest in compensation under the 14th Amendment. (Dkt. 31, ¶¶2-9, 44). While it is true that the Cook County Sheriff's Merit Board Act is involved in this case, the 14th Amendment is the source of governing law here as stated in the FAC, which alleges violations of Plaintiffs' protected property interests without due process of law. (Dkt. 31, ¶¶2-9, 43-55). As the Seventh Circuit held in 2017:

"The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a claim for a procedural due process violation, a plaintiff must demonstrate (1) a cognizable property interest; (2) a deprivation of that property interest; and (3) a denial of due process." *Manistee Apts., LLC v. City of Chicago,* 844 F.3d 630, 633 (7th Cir. 2016). The district court dismissed Forgue's due process claim on the ground that Forgue failed to plead plausible facts suggesting that he possessed a cognizable property interest in receiving a Retirement Card. We disagree.

Property interests are not created by the Constitution, `they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'" *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 538 (1985) (quoting *Board of Regents v. Roth,* 408 U.S. 564, 577). Therefore, property interests can be created by "contracts with public entities." *O'Gorman,* 777 F.3d at 890 (quoting *Ulichny v. Merton Cmty. Sch. Dist.,* 249 F.3d 686, 700 (7th Cir. 2001)). Such interests "are not limited by a few rigid, technical forms." *Perry v. Sindermann,* 408 U.S. 593, 601 (1972). Instead, "`property' denotes a broad range of interests that are secured by `existing rules or understandings.'" *Id.* (quoting *Roth,* 408 U.S. at 577,1). Indeed, "[a] person's interest in a benefit is a `property' interest for due process purposes if there

11

are such rules or mutually explicit understandings that support his claim of *entitlement* to the benefit and that he may invoke at a hearing." *Id.* (emphasis added).

*Forgue v. City of Chicago,* 873 F.3d 962 (7th Cir. 2017) (parallel citations omitted). It is federal constitutional law that creates Plaintiffs' protected property interests in this case. While reference to state law might be part of that analysis for the determination of the level of due process required, in 14th Amendment claims such as this, the mere reference to state laws for determination of the level of process due has never been held to be a categorical bar to the District Court exercising jurisdiction. *See, e.g., Forgue*. This case involves classic Fourteenth Amendment deprivation claims that belong in this Court. The source of governing law is federal, which weighs against abstention.

**Adequacy of state-court action to protect federal rights, relative progress, concurrent jurisdiction, and assumption of jurisdiction.** Abstention is inappropriate because this is a random and unauthorized act case for which there is no adequate state law remedy. In *Michalowicz v. Village of Bedford Park*, 528 F.3d 530 (7th Cir. 2008), the Seventh Circuit recognized that due process violations exist where state actors unforeseeably fail to follow the requirements of existing law, and where there are insufficient state law remedies after such occurs. *Id.* at 534. *Michalowicz* emphasizes that plaintiffs may state 14th Amendment Due Process violations where they can demonstrate that state remedies are meaningless and nonexistent, and in no way can provide due process relief guaranteed by the 14th Amendment. *Id.* There is no better demonstration of an inadequate remedy than this case, where Plaintiffs who challenge their suspensions without pay pending Board termination decisions, and challenge their termination decisions, face, seemingly inevitably, application of the *de facto* officer doctrine by the state Circuit or Appellate Court. The same reasons make the relative progress, concurrent jurisdiction, and first assumption of jurisdiction factors weigh against abstention as well because proceeding in state court is futile as the *de facto* officer doctrine will certainly be applied to Plaintiffs' claims. Yet, the 14th Amendment

procedural due process claims will remain unanswered, particularly the fact that the state's application of the doctrine itself violates the 14th Amendment.

With this scenario, there is nowhere state side, that Plaintiffs can go to receive make-whole relief for the periods they were suspended without pay and post-termination deprivations. That puts this case in line with *Michalowicz* in that such non-existent / inadequate remedies gives rise to a 14th Amendment claim. *See also Yahnke v. County of Kane*, 2017 WL 1980248, *6 (N.D. Ill. 2015) (J. St. Eve) (discussing whether or not adequate post-deprivation state remedies exist as part of a procedural due process challenge to a sheriff's officer's termination); *Schoen v. City of Milwaukee*, 2014 F.Supp.3d (E.D. Wis. 2014) (same); *Knox v. Rhodes*, 2010 WL 1418568, *5 (S.D. Ill. 2010) ("If the state provides process, a plaintiff must either avail himself of that process or demonstrate that the available process is inadequate."); *Kahlily v. Francis*, 2008 WL 5244596, *2 (N.D. Ill. 2008) (federal courts reject state law remedies as inadequate if the remedy "is meaningless or nonexistent and, thus, in no way can be said to provide the due process relief guaranteed by the fourteenth amendment."). Accordingly, this Court should deny Defendants' Motion to stay or dismiss under *Colorado River*.

    **IV.**    **Count II States A Plausible Claim Under *Twombly*.**

Defendants quibble about the sufficiency of Count II. Dkt. 36, p. 10. But the Count includes adequate specifics, referencing instances of Board members removed by the Sheriff for exonerating officers (Dkt. 31, *FAC*, ¶¶62-64), by referencing that selections of Board members is based on contributions (Dkt. 31, *FAC*, ¶66), that the Board's decision process is permeated with pressure and intimidation by the Sheriff on pain of removal from the Board (Dkt. 31, *FAC*, ¶¶69-70), and that the Board's members systematically do not review hearing transcripts or evidence (Dkt. 31, *FAC*, ¶¶59-60). These are adequately plead. (Dkt. 31, *FAC*, ¶¶70-71). Notably, it is the joining of Counts 1 and 2 in this lawsuit that the heightens the due process infractions alleged because Count alleges that the state statutory

13

safeguards have not been met, and Count 2 alleges that the lack of safeguards, *inter alia*, has led to situation where the Board provided *sham* hearings.

V.     **The State Law Claims Are Adequately Stated.**

Plaintiffs state negligence and fraud claims based on the Defendants' misrepresentation of the Merit Board's legal status. Dkt. 31, *FAC*, ¶¶98-103, 104-115, 123-126. *See, e.g., Roe v. Catholic Charities*, 225 Il.App.3d 519 (5th Dist. 1992) (recognizing claims for fraud and negligence against adoption agency which misrepresented the psychological background of children). *Roe* explicitly allowed a claim for negligent misrepresentation on pleading of duty, breach of duty, and injury. *Id.* at 530. Negligent misrepresentation is not limited to defendants "in the business" or "providing information." Dkt. 36, p.11. *See also Jane Doe-3 v. McLean County Unit Dist. No. 5 Bd. Of Directors*, 2012 IL 112479, ¶45 (2012). Defendants attack the fraud count as insufficiently particularly plead under Rule 9(b). But the FAC has a plethora of specifics: Plaintiffs were prosecuted before an illegal Board (FAC, ¶105), that Dart and the Merit Board falsely represented the Board as legal and its members legally appointed (FAC, ¶107), that Preckwinkle was present for a vote by the County Board for members with illegal terms, (FAC, ¶108), that Plaintiffs appeared before the Board for status, discovery, motions, and administrative trials, all under the deception that the Board was proper (FAC, ¶109), that Plaintiffs acted in reliance on Defendants' false representations by retaining lawyers, appearing for hearings, and the like (FAC, ¶112), and that Plaintiffs all suffered damages (FAC, ¶115). And those are just the allegations in the Fraud count, which also incorporates all other Paragraphs. (FAC, ¶104).

Defendant's points about the breach of contract and willful and wanton counts if dismissed, and the fraud and negligent misrepresentation counts if those are dismissed, just buttress Plaintiff's claims that there is simply nothing in state law to make them whole.

14

**VI.** **The FAC Should Be Liberally-Construed, But If The Court Finds It Deficient On The Foregoing Theories, Plaintiffs Request Leave To Amend To Cure Same.**

Plaintiffs believe that the FAC adequately pleads 14th Amendment claims, particularly as to inadequacy of state remedies when viewed liberally. *See Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1147 (7th Cir. 2010) (plaintiffs may suggest facts outside of the pleading showing that a complaint should not be dismissed); *see also Rabe v. United Air Lines, Inc.*, 636 F.3d 866, 872 (7th Cir. 2011) (specifying incorrect legal theory not fatal). if the Court should find otherwise, Plaintiffs request leave to file a Second Amended Complaint to address any such deficiencies.

                                                                           Respectfully submitted,

                                                                           ***/s Christopher Cooper***
                                                                           ***/s Cass T. Casper***

                                                                           Plaintiffs' Attorneys

*Christopher Cooper, Esq.*
Law Offices of Christopher Cooper, Inc.
79 West Monroe Street, Suite 1213
Chicago, Illinois 60603
P: (312) 473-2968
E: cooperlaw3234@gmail.com

*Cass T. Casper, Esq.*
TALON LAW, LLC
79 West Monroe Street, Suite 1213
Chicago, Illinois 60603
P: (312) 351-2478
E: ctc@talonlaw.com

15

## **CERTIFICATE OF SERVICE**

I certify that on March 13, 2019, I served the foregoing PLAINTIFF JOSE VARGAS' RESPONSE IN OPPOSITION TO DEFENDANT DART'S 12(b)(6) AND 9(b) MOTION TO DISMISS via electronic mail to the below-listed counsel of record via the Court's ECF filing system at the email addresses below, and that such counsel are registered e-filers.

*/s Cass T. Casper*
_____
Cass T. Casper
One of Plaintiffs' Attorneys

**COUNSEL FOR DEFENDANT DART**
Stephanie Scharf, Esq.
George Sax, Esq.
Sarah Marmor, Esq.
Morgan Churma, Esq.
333 West Wacker Drive
Chicago, Illinois 60606
sscharf@scharfbanks.com
gsax@scharfbanks.com
smarmor@scharfbanks.com
mchurma@scharfbanks.com

**COUNSEL FOR DEFENDANT MERIT BOARD**
Lyle Henretty, Esq.
69 West Washington Street, 20th Floor
Chicago, Illinois 60602
lyle.henretty@cookcountyil.gov

**COUNSEL FOR DEFENDANTS COOK COUNTY AND TONI PRECKWINKLE**
Jay Rahman, Esq.
Natalie Ellis, Esq.
50 West Washington Street, Room 500
Chicago, Illinois 60602
jay.rahman@cookcountyil.gov
natalie.ellis@cookcountyil.gov