IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE VARGAS, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 18 CV 1598 |
| | ) | |
| COOK COUNTY SHERIFF'S MERIT | ) | |
| BOARD, et al., | ) | Hon. Charles R. Norgle |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiffs Jose Vargas ("Vargas"), Joel Mireles ("J. Mireles"), Juan Licea ("Licea"), Miguel Saucedo ("Saucedo"), Ronnie McGregor ("McGregor"), Kathy Valentine ("K. Valentine"), William Valentine ("W. Valentine"), and Jamie Mireles ("Mireles") (collectively, "Plaintiffs") bring this putative class action against Defendants Cook County Sheriff's Merit Board (the "Merit Board"), Cook County Sheriff Thomas Dart ("Dart" or the "Sheriff"), in his official and individual capacity, Cook County Board President Toni Preckwinkle ("Preckwinkle"), in her official and individual capacity, Cook County, Illinois ("Cook County"), and Nicholas Scouffas ("Scouffas"), in his individual capacity (collectively, "Defendants"). Plaintiffs' First Amended Complaint ("FAC") sets forth claims for violations of their Fourteenth Amendment procedural due process rights and various state law claims. Before the Court are ten separate motions to dismiss[1] filed by Defendants Dart, Preckwinkle, and Cook County, all of which move to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, Defendants'

---

[1] Dart filed eight separate motions, one for each plaintiff.

motions are granted to the extent that they seek dismissal, with prejudice, of Plaintiffs' due process claims; and the Court relinquishes jurisdiction over Plaintiffs' remaining state law claims.

## I. BACKGROUND

Plaintiffs are either past or present employees of the Cook County Sheriff's Office ("Sheriff's Office"). Plaintiffs were, or are, employed as deputy sheriffs. As set forth in greater detail below, Plaintiffs were charged by Dart with violating various policies and rules of the Sheriff's Office and were subsequently prosecuted and tried before the Merit Board. Thereafter, Plaintiffs were terminated by the Merit Board, with the exception of Licea, who was suspended for 90-days. Plaintiffs allege that they had completed their probationary periods of employment and had a constitutionally protected property interest in their employment as deputy sheriffs.

In Count I, Plaintiffs claim that Dart and Preckwinkle improperly appointed certain members of the Merit Board in violation of Illinois state law, and therefore they were deprived of due process because they were terminated or suspended by an illegally constituted Merit Board. In Count II, Plaintiffs claim that they were deprived of a fair hearing because the Merit Board was pressured and intimidated into terminating Plaintiffs by Dart and his General Counsel, Scouffas. The FAC also sets forth claims for declaratory relief, mandamus, negligence, common law fraud, breach of contract, willful and wanton conduct, and "class certification." Plaintiffs further allege that there are hundreds of similarly-situated officers who were also subjected to unlawful disciplinary proceedings by the Merit Board.

The Court provides below a more thorough background of Plaintiffs' due process claims, derived both from the FAC and matters of public record. See Gen. Elec. Capital Corp. v. Lease Resolution Corp., 128 F.3d 1074, 1080 (7th Cir. 1997) ("a district court [may] take judicial notice

of matters of public record without converting a motion for failure to state a claim into a motion for summary judgment").

The Merit Board is an administrative agency that the Illinois General Assembly created via the County Police Department Act. 55 ILCS 5/3-7001 *et seq*. ("Merit Board Act"). The Merit Board has the exclusive authority to terminate deputy sheriffs or suspend them for a period of more than 30 days. See 55 ILCS 5/3-7011-12. Under 55 ILCS 5/3-7012, the Merit Board's decisions are subject to review by an Illinois circuit court under the Illinois Administrative Review Law ("ARL")[2]. The ARL, 735 ILCS 5/3-101 *et seq*., preempts any other statutory, equitable or common law mode of review of decisions of an agency. 735 ILCS 5/3-102. On review, the circuit court may not consider evidence that was not presented to the Merit Board. 735 ILCS 5/3-110. The circuit court may, however, affirm or reverse the Merit Board's decision in whole or part, or reverse and remand to the Merit Board for a new decision. 735- ILCS 5/3-111(5)-(6).

In May 2017, the Illinois appellate court issued a written decision in Taylor v. Dart, 2017 IL App (1st) 143684-B, appeal denied, 89 N.E.3d 764 (Ill. 2017). Taylor, which came before the appellate court on interlocutory appeal from an ARL review, held that the Merit Board was illegally constituted when it decided to terminate the plaintiff's employment with the Sheriff's Office. Id. ¶ 46. More specifically, the court held that Dart had appointed a member of the Merit Board to a term of less than six-years in violation of 55 ILCS 5/3-7002, and therefore the Merit Board's decision to terminate the plaintiff Officer was void. Id. Thus, the court vacated and remanded "for a hearing before a legally constituted Merit Board." Id.

---

[2] The ARL is also commonly referred to as the "Illinois Administrative Review Act." See Stachowski v. Town of Cicero, 425 F.3d 1075, 1078 (7th Cir. 2005).

3

In response to Taylor, the Illinois General Assembly amended the Merit Board Act. See 55 ILCS 5/3-7002 (as amended effective Dec. 8, 2017). The amendment abolished the terms of office of all then-serving Merit Board members and authorized Dart, with the advice and consent of the County, to make new appointments of up to nine members, as well as interim appointments to terms of fewer than six years in the event of vacancies. Following the amendment of the Merit Board Act, on December 13, 2017 and March 14, 2018, with County approval, the Sheriff appointed the eight currently serving members of the Merit Board.

On March 17, 2015, Dart filed a disciplinary complaint asking the Merit Board to terminate Vargas. The Sheriff alleged that Vargas, a correctional officer, was caught on videotape using excessive force against a detainee, including punching the detainee several times, kneeling on the detainee's back as other officers were handcuffing him, and then kicking the detainee. The Merit Board conducted an evidentiary hearing, and, on October 26, 2016, it issued a decision terminating Vargas. On November 8, 2016, Vargas filed Vargas v. Dart et al., Case No. 16 CH 14581 (Cir. Ct. Cook County, Ill.), appealing his termination to the Illinois circuit court under the ARL.

On March 17, 2015, Dart filed a disciplinary complaint asking the Merit Board to terminate J. Mireles. The Sheriff alleged that J. Mireles, a correctional officer, was caught on videotape using excessive force against a detainee who he struck in the head, later shoved against a wall after the detainee was handcuffed, and lied to Sheriff's investigators when questioned about the incident. The Merit Board conducted an evidentiary hearing, and, on July 29, 2016, it issued a decision terminating J. Mireles. On August 28, 2016, J. Mireles filed Mireles v. Dart et al., Case No. 16 CH 11288 (Cir. Ct. Cook County, Ill.), appealing his termination to the Illinois Circuit Court under the ARL. On April 6, 2018, the circuit court voided the August 2016 Merit Board's decision against

J. Mireles, rejected his attempt to add additional causes of action and class-action claims outside the ARL, and remanded his disciplinary case to the Merit Board for a new decision.

On February 11, 2016, Dart filed a disciplinary complaint asking the Merit Board to suspend Licea for 120 days. The Sheriff alleged that Licea, while on duty at the County Jail, was caught on videotape witnessing another officer using unprovoked and excessive force against a detainee, yet Licea remained silent and did not report the incident. The Merit Board conducted an evidentiary hearing, and, on October 12, 2016, it issued a decision suspending Licea for 90 days rather than 120 days, noting that Licea had demonstrated remorse over the incident. Licea did not appeal the 2016 Merit Board decision to the Illinois circuit court within the statutorily prescribed period of 35 days. Licea is presently employed by the Sheriff's Office.

On May 10, 2012, Dart filed a disciplinary complaint asking the Merit Board to terminate Saucedo for more than 75 alleged unauthorized absences. The Merit Board conducted an evidentiary hearing, and, on October 30, 2013, it issued a decision terminating Saucedo. On December 4, 2013, Saucedo filed <u>Saucedo v. Dart et al.</u>, Case No. 2013 CH 26839 (Cir. Ct. Cook County, Ill.), appealing his termination to the Illinois circuit court under the ARL. On March 8, 2018, the circuit court ruled that Saucedo's Merit Board decision was void under <u>Taylor</u>, 2017 IL App (1st) 143684-B, and remanded his disciplinary case to the Merit Board for a new decision.

On June 16, 2015, Dart filed a disciplinary complaint asking the Merit Board to terminate McGregor. Dart alleged that McGregor, a deputy sheriff who was working at various county courthouses, should be terminated after he was indicted by a county grand jury for submitting a false loan application to commercial banks, unlawfully obtained two bank loans (one for $275,000 and the other for $365,000), and eventually pleaded guilty to criminal theft in March 2015. Dart also alleged that McGregor failed to report his criminal case to the Sheriff's Office. The Merit

Board conducted an evidentiary hearing, and, on March 3, 2016, it issued a decision terminating McGregor. On April 7, 2016, McGregor filed <u>McGregor v. Dart et al.</u>, Case No. Case No. 16 CH 5002 (Cir. Ct. Cook County, Ill.), appealing his termination to the Illinois Circuit Court under the ARL. On December 15, 2016, the circuit court issued a judgment against McGregor affirming the Merit Board decision and finding that the Merit Board's factual findings were not against the manifest weight of the evidence. The court's order was final and appealable, but McGregor did not appeal the judgment to a higher Illinois court.

On September 18, 2012, Dart filed a disciplinary complaint asking the Merit Board to terminate K. Valentine (who was then using her maiden name, Kathryn Hernandez) for more than 300 unauthorized absences. The Merit Board conducted an evidentiary hearing, and, on September 12, 2013, it issued a decision terminating K. Valentine; she did not appeal the Merit Board's decision to the Illinois circuit court within the statutorily prescribed period of 35 days.

On November 5, 2013, Dart filed a disciplinary complaint asking the Merit Board to terminate W. Valentine. Dart alleged that W. Valentine, a deputy sheriff who was working at the Cook County Criminal Court Building, unlawfully took a county prosecutor's iPad from a courthouse, brought it to his home, and was forced to return it when local police tracked the iPad to his home. The Sheriff also alleged that W. Valentine lied to Sheriff's investigators when questioned about the incident. The Merit Board conducted an evidentiary hearing, and, on May 30, 2014, it issued a decision terminating W. Valentine. On June 14, 2014, W. Valentine filed <u>William Valentine v. Dart et al.</u>, Case No. 2014 CH 10608 (Cir. Ct. Cook County, Ill.), appealing his termination to the Illinois Circuit Court under the ARL. On May 14, 2015, in a 28-page written opinion, the circuit court issued a judgment against W. Valentine affirming the Merit Board's

6

decision; W. Valentine did not appeal the May 14, 2015 judgment against him to a higher Illinois court, nor did he file a motion for relief from the judgment.

On July 22, 2014, Dart filed a disciplinary complaint asking the Merit Board to terminate Mireles. Dart alleged that Mireles, a correctional officer, was caught on videotape using excessive force against a detainee, failed to report the incident, then failed to cooperate with Sheriff's investigators who sought to question him about the incident. The Merit Board conducted an evidentiary hearing, and, on January 29, 2015, it issued a decision terminating Mireles. On February 27, 2015, Mireles filed Mireles v. Dart et al., Case No. 15 CH 3489 (Cir. Ct. Cook County, Ill.), appealing his firing to the Illinois Circuit Court under the ARL. On January 7, 2016, circuit court issued a judgment against Mireles, which he appealed to the Illinois Appellate Court. On March 8, 2017, the Illinois Appellate Court affirmed the judgment against Mireles. See Mireles v. Cook County Sheriff's Merit Bd. et al., 2017 IL (App) 1st 160203-U. On October 23, 2017, Mireles filed a petition with the circuit court for relief from the court's January 2016 judgment, arguing that the January 2015 Merit Board decision was void under Taylor, 2017 IL App (1st) 143684-B. On April 6, 2018, the circuit court granted his petition for relief from the January 2016 judgment and voided the 2015 Merit Board decision, but also rejected Mireles's attempt to seek wider relief outside the ARL and remanded his disciplinary case to the Merit Board for a new decision.

Count I of the FAC is set forth against Dart and Preckwinkle in their individual capacity and focuses on their role in appointing members of the Merit Board in violation of 55 ILCS 5/3-7002, as held in Taylor. Plaintiffs implicate Dart for his role in nominating the board members and Preckwinkle for her role in calling for a vote on the nominees. According to Plaintiffs, they had a constitutionally protected property interest in their employment with the Sheriff's Office, and Dart

7

and Preckwinkle deprived them of such interests without due process by subjecting them to an illegally constituted Merit Board.

Count II is set forth against Dart and Scouffas in their official and individual capacities.[3] Plaintiffs allege that upon information and belief, at the time of their disciplinary hearings before the Board, "the full Board was not ordering transcripts of hearings prior to making its decisions, nor were all members reviewing the evidence and the hearing transcript as required by the Board's Rules and Regulations." FAC ¶ 59. Plaintiffs further allege that "Dart has previously removed and/or forced the resignation of [Merit] Board [m]embers who exonerated officers for whom the Sheriff sought termination," and therefore "the [Merit] Board's process was permeated by pressure and intimidation from [Dart] in its decision-making process for Plaintiffs." Id. ¶¶ 62, 70. Additionally, Plaintiffs contend that "on information and belief, selected membership on the [Merit] Board or in other [Merit] Board positions during the time of Plaintiffs' proceedings was determined by campaign contributions or other political benefits brought to the Sheriff by the appointees." Id. ¶ 66. Based on these allegations, Plaintiff's claim that Dart and Scouffas deprived Plaintiffs of a fair hearing before the Merit Board, in violation of their procedural due process rights.

## II. ANALYSIS

### A. Standard of Review

A motion under Rule 12(b)(6) tests the sufficiency of the complaint under the plausibility standard, Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570 (2007), not the merits of the suit. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). "[A] plaintiff's claim need not be probable, only plausible: 'a well-pleaded complaint may proceed even

---

[3] The FAC alleges earlier that Scouffas is being sued only "in his individual capacity." FAC ¶ 17.

if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely.'" Indep. Trust Corp. v. Stewart Info. Servs. Corp., 665 F.3d 930, 935 (7th Cir. 2012) (quoting Twombly, 550 U.S. at 556). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' To rise above the 'speculative level' of plausibility, the complaint must make more than '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" Oakland Police & Fire Ret. Sys. v. Mayer Brown, LLP, 861 F.3d 644, 649 (7th Cir. 2017) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). In deciding a Rule 12(b)(6) motion, the Court accepts as true all well-pleaded facts in a plaintiff's complaint, and draws all reasonable inferences in his favor. Burke v. 401 N. Wabash Venture, LLC, 714 F.3d 501, 504 (7th Cir. 2013) (citations omitted).

**B. Plaintiffs Fail to State a Claim for Violation of Their Procedural Due Process Rights**

In the instant motion, Defendants argue that based on the facts presently before the Court, Plaintiffs are unable to state a cognizable claim for violation of procedural due process. For the following reasons, the Court agrees.

A procedural due process violation occurs when (1) conduct by someone acting under the color of state law (2) deprives the plaintiff of a protected property interest (3) without due process of law. Germano v. Winnebago County, Ill., 403 F.3d 926, 927 (7th Cir.2005). "A complaint does not state a valid procedural due process objection, and a valid 1983 claim if it does not include a challenge to the fundamental fairness of the state procedures." Hamlin v. Vaudenberg, 95 F.3d 580, 583 (7th Cir. 1996) (internal quotation marks omitted). "The general constitutional standard is that an employee with a property interest is entitled to notice of the employer's reasons and a *meaningful* opportunity to respond before the employer decides to terminate the employment."

9

Carmody v. Bd. of Trustees of Univ. of Illinois, 747 F.3d 470, 476 (7th Cir. 2014). But when the plaintiff complains of "random and unauthorized" actions of state officials, "the state's obligation under the Due Process Clause is to provide sufficient remedies after its occurrence, rather than to prevent it from happening." Michalowicz v. Vill. of Bedford Park, 528 F.3d 530, 535 (7th Cir. 2008) (citing Doherty v. City of Chicago, 75 F.3d 318, 323 (7th Cir. 1996)).

Here, Defendants do not contest that Plaintiffs had a protected property interest in their continued employment as deputy sheriffs. Thus, the salient issue is whether Plaintiffs have sufficiently alleged that they were deprived of their employment without due process.

As to Count I, it is well accepted that "states may enforce, alter, or disregard state law so far as the Due Process Clause is concerned. It is not the role of federal courts to inform states how to enforce their own laws." Magnuson v. City of Hickory Hills, 933 F.2d 562, 567 (7th Cir. 1991); see also Tucker v. City of Chicago, 907 F.3d 487, 495 (7th Cir. 2018) ("[F]ederal due process protection is not a guarantee that state governments will apply their own laws accurately."); Coniston Corp. v. Vill. of Hoffman Estates, 844 F.2d 461, 467 (7th Cir. 1988) ("A violation of state law is not a denial of due process of law"); Kompare v. Stein, 801 F.2d 883, 888 (7th Cir. 1986) ("[V]iolation of a municipal ordinance is not *per se* a violation of any clearly established constitutional right"); Tenny v. Blagojevich, 659 F.3d 578, 583 (7th Cir. 2011) ("Failure to implement state law violates that state law, not the Constitution; the remedy lies in state court." (internal quotation marks and citation omitted)).

Despite this well-accepted rule, Plaintiffs claim in Count I that that Dart and Preckwinkle terminated them without due process by appointing certain members of the Merit Board in violation of 55 ILCS 5/3-7002, thus subjecting them to an illegally constituted Merit Board. As discussed by the Illinois appellate court in Taylor, whether the Merit Board was "illegally

10

constituted" is strictly a matter of Illinois state law. 2017 IL App (1st) 143684-B ¶ 46. Therefore, Dart and Preckwinkle's conduct as alleged in Count I does not provide a valid basis for a procedural due process claim. See Coniston, 844 F.2d at 467 ("A violation of state law is not a denial of due process of law."). Accordingly, Count I is dismissed with prejudice.

Next, Defendants argue that Plaintiffs fail to state a claim for violation of procedural due process because the ARL, 735 ILCS 3-101 *et seq.*, provides a constitutionally adequate remedy for Plaintiffs to challenge their suspensions or terminations by appealing the Merit Board's decision to the Illinois circuit court and beyond. Defendants cite to Jones v. Doria, 767 F. Supp. 1432, 1441 (N.D. Ill. 1991), for the proposition that the ARL provides a sufficient post-deprivation remedy. In Jones, the plaintiff, a DuPage County deputy sheriff, claimed that he had been effectively terminated by the DuPage County Sheriff's Department without providing him with a notice of the charges against him or a hearing in violation of, *inter alia*, his procedural due process right. Id. The court in Jones found that the defendants' actions, as alleged, "were contrary to those mandated by departmental rules and state law" and therefore their actions were "random and unauthorized." Id. at 1440. Further, in ruling on the defendants' Rule 12(b)(6) motion, the court held that the plaintiff was unable to state a procedural due process claim because under the ARL the plaintiff had "the right to appeal an unfavorable Commission order to the circuit court," which provided an adequate post-deprivation remedy for the defendants random and unauthorized conduct. Id. at 1441.

Defendants also cite to Lolling v. Patterson, 966 F.2d 230, 234 (7th Cir. 1992), in which the court affirmed the Rule 12(b)(6) dismissal of a due process claim brought by a Logan County deputy sheriff against the County Sheriff, "because his suspension by [the County Sheriff] for more than 30 days without pay was random and unauthorized." Id. The court explained that "[s]uch

deprivations of property which occur without a pre-deprivation hearing do not violate due process so long as the state provides a meaningful post-deprivation remedy," and that "the State's statutory merit scheme provided him with adequate state law post-deprivation remedies." Id. (referring to the Sheriff's Merit Systems Act, 125 Ill. Rev. Stat. § 151, *et seq.*, a similar statute to the Merit Board Act, 55 ILCS 5/3-7001 *et seq.*, at issue in this case).

Defendants point to additional cases wherein the Seventh Circuit has ruled that the ARL provides a constitutionally sufficient post-deprivation remedy. See Cannici v. Vill. of Melrose Park, 885 F.3d 476, 480 (7th Cir. 2018) ("[W]e have found time and again that the Illinois Administrative Review Act [735 ILCS 5/3-101 *et seq.*] provides sufficient post-deprivation relief," in the context of "an allegedly biased hearing committee."); Michalowicz v. Vill. of Bedford Park, 528 F.3d 530, 536 (7th Cir. 2008) (holding that the Illinois Administrative Review Act, 735 ILCS 5/3-101 *et seq.*, provided an adequate remedy for village fire inspector's claim that he was deprived of due process at his pre-termination hearing); Stachowski v. Town of Cicero, 425 F.3d 1075, 1078 (7th Cir. 2005) ("Illinois law afforded [the plaintiff] all the process he was due…[through] administrative review of the Board's final decision under the Illinois Administrative Review Act."); Schacht v. Wis. Dep't of Corr., 175 F.3d 497, 503 (7th Cir. 1999) (no procedural due-process violation results if "[t]he availability of administrative remedies at the hands of an unbiased decisionmaker" still exists), overruled on other grounds by Higgins v. Mississippi, 217 F.3d 951 (7th Cir. 2000).

Here, Plaintiffs allege in Count II that they were deprived of a fair pre-deprivation hearing because Dart and Scouffas essentially assumed control of the Merit Board through political means and by threatening Merit Board members with removal if they issued decisions adverse Dart's position. Thus, Plaintiffs claim that Dart and Scouffas violated the central provision of the Merit

Board Act, that the Merit Board has the exclusive authority to terminate deputy sheriffs or suspend them for a period of more than 30 days. See 55 ILCS 5/3-7011-12. Plaintiffs do not, however, challenge the adequacy of the procedures provided by the Merit Board Act, 55 ILCS 5/3-7001 *et seq*. Thus, Plaintiffs due process claim in Count II is a challenge to Dart and Scouffas's "random and unauthorized" actions, i.e., "their unforeseeable misconduct in failing to follow the requirements of existing law." Michalowicz, 528 F.3d at 535. Therefore, Count II must be dismissed if Illinois law provides a sufficient post-deprivation remedy. Id.

The Court agrees with the list of cases above which hold that the ARL provides a sufficient post-deprivation remedy. See Cannici, 885 F.3d at 480; Michalowicz, 528 F.3d at 536; Stachowski, 425 F.3d at 1078; Lolling, 966 F.2d at 234; Jones, 767 F. Supp. at 1441. Under the ARL, the circuit court may affirm or reverse the Merit Board's decision in whole or part, or reverse and remand to the Merit Board for a new decision. 735- ILCS 5/3-111(5)-(6). If the circuit court were to find that the Merit Board did not "genuinely consider Plaintiffs' cases," Compl. ¶ 69, the court would have the power to reverse or remand for a new hearing. Michalowicz, 528 F.3d at 536. Further, under the ARL, Plaintiffs have the right to appeal to the circuit court and beyond. 735- ILCS 5/3-112.

Indeed, Plaintiffs Vargas, Saucedo, J. Mireles, Mireles, McGregor, and W. Valentine *did* appeal their Merit Board decisions to the Illinois circuit court under the ARL. In the cases of Vargas, Saucedo, J. Mireles, and Mireles, the circuit court reversed and remanded for a new hearing before the Merit Board; and as for McGregor and W. Valentine, the circuit court affirmed the Merit Board's decision. Thus, these Plaintiffs are currently receiving, or have received, all the process they are due under the Fourteenth Amendment. As for Plaintiffs Licea and K. Valentine, who chose not to appeal their Merit Board decisions, they are barred from raising a due process claim now, having failed to avail themselves of the procedural protections available under the

ARL. See Palka, 623 F.3d at 453 ("[A] state cannot be held to have violated due process requirements when it has made procedural protection[s] available and the plaintiff has simply refused to avail himself of them." (quoting Dusanek v. Hannon, 677 F.2d 538, 543 (7th Cir. 1982)).

In their response, Plaintiffs argue that the ARL does not provide a sufficient post-deprivation remedy in light of two recent decisions by the Illinois appellate court: Lopez v. Dart, 2018 IL App (1st) 170733, appeal denied, 116 N.E.3d 947 (Ill. 2019), and Cruz v. Dart, 2019 IL App (1st) 170915. In both cases, the court applied the *de facto* officer doctrine in holding that the plaintiffs' Merit Board decisions are not void based on the illegal constitution of the Merit Board under 55 ILCS 5/3-7002, as held in Taylor. Lopez, 2018 IL App (1st) 170733, ¶ 64; Cruz, 2019 IL App (1st) 170915, ¶ 41. Plaintiffs contend given the court's application of the *de facto* officer doctrine in Lopez and Cruz, they will be unable to challenge their Merit Board decisions under Taylor, which deprives of "any state court remedy, much less an adequate one." Pls.' Resp. at 2-3. However, as discussed above, whether the Merit Board was properly constituted—as addressed in Taylor—is strictly a matter of state law, and therefore it does not present a valid basis for a due process claim. See Coniston, 844 F.2d at 467 ("A violation of state law is not a denial of due process of law").

Moreover, Lopez and Cruz did not only address the issue of whether the *de facto* officer doctrine applies. Rather, in both cases, the court also reviewed the substance of the Merit Board's decision: in Lopez, the appellate court affirmed the Merit Board's decision to terminate the plaintiff, 2018 IL App (1st) 170733, ¶ 84; and in Cruz, the appellate court remanded the case for reconsideration of whether there was cause to terminate the plaintiff, 2019 IL App (1st) 170915, ¶ 63. Thus, Lopez and Cruz *support* the conclusion that the ARL provides a sufficient post-deprivation remedy. See See Cannic, 885 F.3d at 480 ("[W]e have found time and again that the

14

Illinois Administrative Review Act [735 ILCS 5/3-101 *et seq.*] provides sufficient post-deprivation relief.").

Accordingly, Count II is dismissed with prejudice because the ARL provides a constitutionally sufficient post-deprivation remedy. Moreover, having dismissed Plaintiffs' due process claims with prejudice, the Court relinquishes jurisdiction over Plaintiffs' remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3). See City of Chicago v. Int'l College of Surgeons, 522 U.S. 156, 172-74 (1997); see also Groce v. Eli Lilly & Co., 193 F.3d 496, 500-01 (7th Cir. 1999).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' due process claims, as set forth in Counts I and II of the FAC, are dismissed with prejudice. Having resolved all claims over which the Court has original jurisdiction, the Court relinquishes jurisdiction over Plaintiff's remaining state law claims. Civil case terminated.

IT IS SO ORDERED.

ENTER:

*/s/ Charles Norgle*
CHARLES RONALD NORGLE, Judge
United States District Court

DATE: March 29, 2019